## COOPER *v.* BRANCH.

Where the court submitted to the jury various questions for them to answer, and they returned a verdict in which some of the questions were specifically answered but others were answered simply by saying, "we do not know; not known to us; refer to the court," etc., the court, being unable to base any decree upon such verdict, could well have refused to receive it, and have declared a mistrial; and the grant of a new trial was correct.

November 26, 1890.

Verdict. Practice. New trial. Before Judge FAL-LIGANT. Chatham superior court. March term, 1890.

For the facts of this litigation see the former report in 82 *Ga.* 512. The defendant excepted to the grant of a new trial after the second trial.

DENMARK & ADAMS, for plaintiff in error.

GEORGE A. MERCER, *contra.*

BLANDFORD, Justice.

On the trial of this case in the court below, the court submitted to the jury various questions for them to answer. The jury returned a verdict in which several of the questions were specifically answered, but others were answered simply by saying, "We do not know," "Unknown to us," etc. Following are the questions submitted by the plaintiff in error (Cooper), with the answers of the jury thereto: (1) "Was the defendant, Mr. Cooper, guilty of any fraud, deceit or bad faith of any kind in this transaction? Answer: No." (2) "Would Mr. Cooper have accepted less for his interest, had there been no error in the keeping of the books, than what was paid him? Answer: We do not know." (3) "Can the mistake made in the keeping of the books be now

corrected without injustice to Mr. Cooper ? Answer: Yes." (4) " In view of all the circumstances of this case, as a matter of natural justice and equity, ought Mr. Cooper to refund to Mr Branch anything ? Answer: Yes." (5) " If you answer ' yes ' to the last question, how much do you find that Mr. Cooper should refund ? Answer: One dollar and costs."

Following are the questions which were submitted by Branch, the defendant in error, with the answers returned by the jury : (1) " Would Mr. Branch have paid Mr. Cooper ten thousand dollars ($10,000) for his interest in the firm had he known at the time of the mistake in the books ? Answer: We do not know." (2) " If not, what sum would Mr. Branch have paid Mr. Cooper for his interest had he been aware of the mistake and known the true state of the accounts ? Answer: Not known to us." (3) " If the jury should find that the interest of Mr. Cooper in said firm sold to Mr. Branch was worth more than five thousand one hundred and eighty-two dollars and twelve cents ($5,182.12), as shown by the corrected books, the jury will state just what such interest under the evidence was worth. Answer: Refer to the court." (3) " Was or was not Mr. Cooper's interest in the lease in the stand and in the entire business of Branch & Cooper estimated in the price of ten thousand dollars paid by Mr. Branch and included in the property and interest conveyed by the bill of sale to Mr. Branch ? Answer: It was." (5) " Has any evidence been submitted to the jury showing that Mr. Cooper has suffered any damage by reason of the sale of his interest to Mr. Branch ? and if yes, state the amount of the damage so proved. Answer: No." (6) " When Mr. Branch purchased Mr. Cooper's interest in said firm, was there or not a mistake in the books of said firm by which the apparent interest of each partner was represented to be larger in amount

than it was in fact? If yes, in what amount was such interest overstated on said books? Answer: Yes, according to the showing of the books." (7) "When Mr. Branch purchased Mr. Cooper's interest, did he or not base his offer upon the amount of Mr. Cooper's interest as it appeared on said books? Answer: He accepted Mr. Cooper's offer."

We do not think the court should have received this verdict under the facts of this case; that, in fact, it was no verdict; certainly not such a verdict as a decree could be based upon. We think the court could very well have refused to receive the verdict, and declared a mistrial. A motion was made for a new trial, which the court granted, stating that he was not satisfied with the conduct of the jury. We are of the opinion that the court did right to grant a new trial; and that, upon a future hearing of the case, proper questions should be submitted to the jury, which they should be required to answer, and upon the answers to which a decree can be made. The judgment of the court below granting a new trial is                                    *Affirmed.*