EDMUND WILSON, attorney-general,

*v.*

JESSE A. HOWLAND et al.

[Decided March 11th, 1912.]

1. An information by the attorney-general upon the relation of certain parties, to set aside a riparian grant on the ground that the grantee was not the owner of the lands constituting the *ripa* on which the grant was based, is an appeal to a purely legal jurisdiction of the court of chancery—one that existed in the chancellor himself before the institution of that court.

2. An issue directed by this court to be tried by a jury may consist of a series of specific questions, and the propositions to be decided by the jury may be submitted to them in writing for their answer.

3. The court of chancery is prone to submit a question of legal title to a jury even in a case in which it is not obliged to do so.

4. On an information making an attack upon a grant of the riparian commissioners, a feigned issue in form to try the question whether the

state is entitled to the possession of certain lands as against the defendant who is in possession, would give the defendant an opportunity to offer the riparian grant under which he claims, which would settle the question of the right to possession unless an objection to the validity of the grant should appear upon its face; but, as the question of fact to be determined is as to who owned the shore front at the time of making the grant, the form of the question to be submitted should be as to whether the defendant's grantor was the owner of any of the lands (which she made the basis of her application for a grant of lands under water in front of them), at the time of the riparian grant.

5. A feigned issue will be framed with the defendants as plaintiffs. The form of the issue, and practice thereon, outlined.

---

On motion for feigned issue.

*Messrs. Durand, Ivins & Carton* and *Mr. Gilbert Collins,* for the motion.

*Messrs. Cortlandt. & Wayne Parker, contra.*

WALKER, V. C.

This case arises on an information by the attorney-general upon the relation of certain parties, to set aside a riparian grant on the ground that the grantee was not the owner of the lands constituting the *ripa* on which the grant was based. This is an appeal to a purely legal jurisdiction of the court of chancery, and one that existed in the chancellor himself before the institution of the court of chancery. *Van Schaick* v. *Board of Riparian Commissioners, 82 N. J. Law 219.*

Precisely the same question is presented in the case at bar as was presented in *Attorney-General* v. *Morris & Cummings Dredging Co., 64 N. J. Eq. 555,* namely, one of ownership, or want of ownership, of the shore front at the time of making the grant. *Affirmed, 69 N. J. Eq. 829.*

The present application is for an order directing an issue at law to be framed, triable by a jury, in the supreme court, to inquire, ascertain and determine whether the title to certain islands described in the information is in the State of New Jersey or in the defendant Jesse A. Howland.

The application is resisted largely upon the ground that the questions to be determined are too intricate to be submitted to a jury, and that they can better be passed upon by this court. I fail to see any great force in this contention, as an issue directed by this court to be tried by a jury may consist of a series of specific questions. *Black* v. *Lamb, 12 N. J. Eq. 108.* And, as I understand it, the propositions to be decided by the jury may be submitted to them in writing for their answer.

The question in this case is one of legal title, and the court of chancery is always prone to submit such an issue to a jury. In most cases it is obliged to do so. While it is not required to make that submission in this case, nevertheless, the request for an issue at law appeals most strongly to the court, and, in the exercise of a sound discretion, I think it ought to be acceded to.

These views lead to the granting of the motion for an issue, and it will be framed upon application and on notice.

On motion to frame a feigned issue.

[Decided August 24th, 1912.]

WALKER, CHANCELLOR.

The bill makes an attack upon the grant of the riparian commissioners to Ellen Lucinda DeNyse. The defendant Howland is admittedly in possession under the DeNyse grant, and the attorney-general is attacking that grant and seeks to avoid it. The question thus involved is one for the decision of this court. An underlying question of fact is, whether Mrs. DeNyse at the time of the grant was the owner of the shore lands (certain islands), and therefore entitled to the grant.

The defendant Howland has submitted a draft of an order for an issue in the form of an action of ejectment to try the question

"Whether the State of New Jersey is entitled to the possession of the said islands mentioned in the information in the above-stated cause, as against the said Jesse A. Howland, who is in possession thereof."

An issue in this form, as I understand it, would give the defendants an opportunity to offer the riparian grant from the

state to Mrs. DeNyse, under whom Howland claims, which would settle the question of the right to the possession of the islands, unless an objection to the validity of the grant should appear upon its face. *Sooy Oyster Co.* v. *Gaskill, 69 Atl. Rep. 1084.* The question of fact sought to be determined by an issue in this case is as to the ownership of the shore front at the time of making the grant. *Attorney-General* v. *Morris & Cummings Dredging Co., 64 N. J. Eq. 555; affirmed, 69 N. J. Eq. 829.* The question raised in that case was decided in this court without the intervention of a jury. However, in the case at bar the defendants have applied for a feigned issue to be sent to a jury, and I have already decided that it will be granted. (See the memorandum filed by me when vice-chancellor, March 11th, 1912.) *Supra.*

The informant, perceiving the narrowness, not to say conclusiveness, of the issue sought to be tendered by the defendant, claims that he is entitled to have presented to a jury the broader question, namely,

"Was Mrs. DeNyse the owner of any of the islands which she made the basis of her application for a grant of lands under water, in front of such islands, and if so what islands?"

In this I think he is right, and I will direct an issue with the defendants as plaintiffs—especially so as they seek the issue—to determine the question as to who owned the islands at the time of the riparian grant. I am, however, unwilling to sign the draft of the order submitted by counsel for the informant. It makes provision for leave to apply, after the *postea* shall have been returned to this court, to send it back to the supreme court so that a writ of error may be taken. I understand the practice to be for this court to pass upon all questions of law and fact on the record returned, and that the party aggrieved by the denial of an application for a new trial may appeal to the court of errors and appeals. *McAndrews & Forbes Co.* v. *Camden, 78 N. J. Eq. 244.*

Let an order for a feigned issue be modeled upon the form in *Dick. Ch. Prec. (revised ed.) 245,* omitting, of course, the pro-

vision on *p. 246* that copies of depositions, &c., be read on the hearing, as none have been taken.

Now, the order for an issue only directs what questions shall be tried. The issue itself must be in the form of a common law action with appropriate pleadings. *American Dock and Improvement Co.* v. *Trustees of Public Schools, 37 N. J. Eq. 266* (bottom of *p. 269*).

I do not see how the issue, in this case can be cast in the form of an action of ejectment when it is not intended to try the parties' right to present possession, but only to ascertain a collateral fact of some time past.

In the case in *37 N. J. Eq. 266* (just cited), the court remarked (at *p. 270*) that "where convenience requires it the issue may be framed as if upon a wager." This form of issue has not been abolished so far as I am aware. I presume the issue, in whatever form cast, must, as to pleadings, be controlled by "*The Practice act (1912)*," *P. L. p. 377.*

Let an appropriate order be submitted to me by counsel for the informant on notice to counsel for the defendants.