CHRISTOFANO EPISCOPO and TERESA EPISCOPO, his wife, SAVINO CAPPIERLLO and RICHETTA CAPPIERLLO, his wife,

*vs.*

PETER C. OLIVERE and JOSEPH MONGIELLO.

*New Castle, Feb. 9, 1927.*

*John W. Brady*, for complainants.

*Philip G. Garrett* and *Frank L. Speakman*, for defendants.

THE CHANCELLOR. When this cause came on for final hearing, it was considered advisable that an order should be entered

directing issues to be framed and tried before a jury, because it appeared that the principal fact of a nuisance was involved in pronounced conflict and should be more properly determined by a jury than by the Chancellor alone, unaided by the verdict of such a tribunal. Accordingly, an order of submission was prepared by the parties and presented for entry which, in their mutual judgment, correctly stated the issues of fact which the pleadings presented.

The issues as thus directed were as follows:

"Did Peter C. Olivere and Joseph Mongiello, or either of them, after the twenty-sixth day of March, A. D. 1926, and continuing up to the twelfth day of July, A. D. 1926, in using the premises occupied by them known as Nos. 804 and 806 Lincoln street, in the city of Wilmington, Delaware, for the storage of trucks, create a nuisance to Christofano Episcopo and Teresa Episcopo, his wife, and Savino Cappiello and Richetta Cappiello, his wife, or either or any of them, in any of the following manners:

"1. By making loud and objectionable noises in the preparation and starting of said trucks in the very early morning before the usual rising time of the neighborhood and frequently late at night after the majority of said residents of said neighborhood had retired?

"2. By the making of loud and objectionable noises one or two days of every week during said period in connection with the repair of said trucks?

"3. By permitting on said premises noxious gases, fumes, odors, grease, and waste?

"4. By bringing upon said premises dirt, filth, and possible germs of disease?

"If so, by whom and against whom was such nuisance committed?"

The *postea* returned to this court by the Superior Court shows that the jury answered the questions propounded to it, as follows:

"* * * That Peter C. Olivere and Joseph Mongiello after the twenty-sixth day of March, A. D. 1926, and continuing up to the twelfth day of July, A. D. 1926, in using the premises occupied by them, known as Nos. 804 and 806 Lincoln street, in the city of Wilmington, for the storage of trucks, did create a nuisance to Christofano Episcopo and Teresa Episcopo, his wife, and Savino Cappiello and Richetta Cappiello, his wife, and the said jury upon the said oaths and affirmations respectively do further say that they are unable to agree as to whether such nuisance was created by making loud and objectionable noises in the preparation and starting of said trucks in the early morning

before the usual rising time of the neighborhood and frequently late at night after the majority of said residents of said neighborhood had retired, or by the making of loud and objectionable noises one or two days of every week during said period in connection with the repair of said trucks or by permitting on said premises noxious gases, fumes, grease and waste or by bringing upon said premises dirt, filfth, and possibly germs of disease."

After rendering said verdict the jury was discharged. The complainants now move for an injunction based on the verdict thus rendered.

That the jury thought the defendants were committing a nuisance at their garage is apparent from the general finding which they made. But the issues submitted did not call for such a general finding. Those issues were in substance—Did the defendants commit a nuisance *in that*, etc.? Then followed four particularizations of circumstance which the jury were asked to pass upon as being creative of a nuisance or not. The jury answered by saying there was a nuisance, but whether the same existed "in that" any one of the itemized particulars constituted it, the jurors were unable to say. Thus the jury disagreed upon the answers to be made to the questions propounded to them. What prompted the jury to think that the defendants were committing a nuisance, it is impossible to say. Certain it is that in the particulars inquired about, the jury did not find a nuisance to exist. It may be that the evidence disclosed the existence of a nuisance in some particular not inquired about, in which case I apprehend there can be no question but that it would be improper to enter a final decree, for the case made by the pleadings and reflected in the questions might not in any sense involve such particular. The decree, if entered, must be based on the allegations of the bill. The jury having answered that it cannot agree on the truth of those allegations, a final decree as prayed cannot be entered. In order to warrant the granting of relief based upon the findings of a jury, its verdict must be certain and responsive to the issues presented. *Cooper v. Branch*, 86 *Ga.* 234, 12 *S. E.* 808; *Jordan v. Downs, et al.*, 118 *Ga.* 544, 45 *S. E.* 439; 21 *C. J.* 593.

The only thing before me upon which to predicate an injunction is the verdict of the jury. If an injunction should issue on that verdict, what acts of nuisance charged by the bill should the writ restrain? If it should enjoin any one of the four things charged by

the bill to constitute a nuisance, there would be manifest error because the only thing upon which a justification of such restraint could be based, viz., the verdict of the jury, shows an absence of fact-findings with respect to any of them.

If the complainants care to do so, they may have a retrial of the issues already framed. If the issues as first framed are deemed by the complainants to be unsatisfactory for developing the facts charged by the bill, a petition for a rehearing upon the order directing the issues may be presented and issues in another form may be asked for. 2 *Daniell's Chancery Practice*, (*4th Ed.*) *p.* 1139.

The motion for an injunction will be denied.