ETTA V. HAYES and ABBIE O. WHITE, complainants-respondents,

*v.*

JOSEPHINE O. SMITH et al., defendants-appellants.

[Argued November 1st, 1928. Decided February 4th, 1929.]

*Messrs. Palmer & Powell,* for the appellants.

*Mr. Edward L. Katzenbach,* for the respondents.

The opinion of the court was delivered by

CAMPBELL, J.

The bill of complaint prays for a mandatory injunction compelling the appellants to remove an obstruction to an easement of right of way claimed by the respondents over the lands of appellants and the decree appealed from awards such relief.

The appellants are the owners of lands fronting on Main street in the borough of Tuckerton. Respondents are the owners of lands and dwellings to the north thereof and

separated therefrom by lands known as the Friends Meeting House. They assert that their lands are entitled to an easement of right of way from their properties over the lands, known as the Friends Meeting House, and then over the lands of appellants to the public highway, Main street; and, further, that such right of way over appellants' lands has arisen and ripened into an easement in favor of their lands by adverse user against the appellants and their predecessors in title for more than thirty years last past.

This the appellants deny. They admit that upon the lands now owned by them there previously existed certain business places to which the public had access from the public highway and they also admit that the owners of the properties now owned by respondents traveled from such properties over the lands now owned by appellants to Main street, but that either such travel was in promiscuous directions rather than in a defined path or direction, or if it was in a defined or fixed path that then it was in a location other than that described in the bill of complaint.

The matter was heard by the late Vice-Chancellor Foster who died before filing a conclusion.

The matter was then referred to Vice-Chancellor Buchanan who upon the proofs previously taken advised the decree appealed from.

The learned vice-chancellor advising the decree concluded that the easement in favor of the respondents was a matter not in substantial dispute.

With this conclusion we are unable to agree because, quite to the contrary, we find the record to establish that it was vigorously disputed both in fact and in law.

The question of the existence of such easement was, therefore, a matter to be determined by a proper action in a court of law. *Mayor, &c., of South Amboy* v. *Pennsylvania Railroad Co.*, 77 N. J. Eq. 242 (at p. 246); *Mason* v. *Ross*, 77 N. J. Eq. 527.

In the latter case, Chief-Justice Gummere, speaking for this court said:

"The question whether the right of way over the lands of one person exists in favor of another is a purely legal question,

and, where the existence of such an easement is in dispute, the proper tribunal in which to settle it is a court of law."

And, we conclude, that is the situation here and the question of the existence of the easement in favor of the respondents should have been determined by an appropriate action in a court of law and by a jury as a trier of the facts in dispute.

The learned vice-chancellor, however, concluded that the controversy in question was within the seventh exception set forth in *Hart* v. *Leonard, 42 N. J. Eq. 416*. In this we do not agree and conclude to the contrary.

He further finds that there was no demand, in the pleadings, for a jury trial of this issue, and that, therefore, under the Chancery act of 1915 (*P. L. 1915 p. 184*) the question of the legal existence of the alleged easement was within the jurisdiction of the court of chancery. This is based upon sections 8 and 9 of such act. We conclude that these provisions of the act in question are not applicable to the situation before us.

. We reach this conclusion because, as before indicated, the existence of the easement was a matter of substantial dispute between the parties, and the record before us shows, conclusively, that the appellants by their answer so asserted and contended, and demanded a trial by jury. This being so the determination of that question was definitely removed from the court below by the specific provisions of section 8 of the Chancery act, *supra*. And if this were not so a question would arise, which under the circumstances we are not called upon to decide, whether or not it was not beyond the power of the legislature to transfer to the court of chancery for determination a question which it is the constitutional function of a court of law to hear and determine. *San Giacomo* v. *Oraton Investment Co., 103 N. J. Eq. 273*.

But as already indicated it is not necessary for us to pass upon this question nor is it necessary for us to specifically and definitely construe sections 8 and 9 of the Chancery act further than to find, as we do, that the question of the existence of the easement in favor of respondents was in substantial dispute, that the settlement of that question was absolutely essential in determining whether or not the court below had

jurisdiction over the subject-matter of the litigation and that the right of the court below to determine that question was challenged by the pleadings.

Such being our finding the situation is analogous to that in *Mason* v. *Ross, supra,* where it was held that the defendant below having challenged the jurisdiction of the court of chancery the bill should have been dismissed, or this not having been done, the proper course for the court below to have pursued was to retain the bill until the complainant had had a reasonable opportunity to establish the right at law.

Here under section 8 of the Chancery act of 1915, *supra,* the proper procedure to have been followed by the court below was to have sent the issue of fact as to the easement alleged to a court of law for trial, retaining the bill of complaint until such issue had been determined at law.

The decree appealed from is therefore reversed and the cause is remanded to the court of chancery so that the proceedings herein indicated may be had and taken.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, JJ. 10.