73478, 73479. KANE v. COHEN (two cases).
(356 SE2d 94)

McMURRAY, Presiding Judge.

This is a tort action arising from a motor vehicle collision wherein plaintiff Sheryl Cohen seeks damages arising from her alleged personal injuries which occurred in the collision, while her husband, plaintiff Richard Cohen seeks damages for loss of consortium. Defendant Kane admits the plaintiffs' allegations that he was under the influence of alcohol, was operating his motor vehicle in an extremely reckless fashion and with a conscious disregard for the consequences of his actions when he collided with the rear of plaintiff Sheryl Cohen's car, causing property damage, and that plaintiff Sheryl Cohen was proceeding in a cautious manner consistent with the law and driving conditions. Defendant Kane denies that he caused personal injury to plaintiff Sheryl Cohen.

Upon the trial of the case the jury was unable to reach a unanimous verdict with regard to the amount of punitive damages. The trial court instructed the jury to "complete the verdict form as much as you can," and to clearly state their position with regard to punitive damages. The jury's verdict reads: "We the jury find in favor of the Plaintiff, Sheryl D. Cohen, for compensatory damages in the amount of $30,000. We agree punitive damages should be awarded, however, we the jury have been unable to agree upon the dollar amount of punitive damages to be assessed in this case. We the jury find in favor of the Plaintiff, Richard Cohen for loss of consortium in the amount of $0.00." The trial court entered its final judgment pursuant to OCGA § 9-11-54 (b) for compensatory damages and further ordered "that while the jury determined that Plaintiff Sheryl Cohen is entitled to recover punitive damages against Defendant, Michael Maurice Kane,

but was unable to determine the amount of the punitive damages to be so awarded, a mistrial as to the issue of the amount of punitive damages only, be and is hereby declared." Defendant's motion to set aside the judgment entered upon the jury's incomplete verdict was denied and defendant appeals. *Held*:

1. Defendant contends the trial court erred in accepting the jury's incomplete verdict and in denying his motion to set aside. OCGA § 9-12-1 provides that: "The verdict shall cover the issues made by the pleadings and shall be for the plaintiff or for the defendant." This statute appears to be the codification of a well settled common-law rule under which a verdict which fails to resolve all of the issues submitted to the jury must be set aside. *Settle v. Allison*, 8 Ga. 201; *Tompkins v. Corry*, 14 Ga. 118; *Wood v. McGuire's Children*, 17 Ga. 361 (1) *Sellers v. Mann*, 113 Ga. 643 (39 SE 11); *Cooper v. Branch*, 86 Ga. 234 (12 SE 808); *Jordan v. Downs*, 118 Ga. 544 (2) (45 SE 439); *Smith v. Pilcher*, 130 Ga. 350, 355 (60 SE 1000); *Koon v. Atlantic Coast Line R. Co.*, 90 Ga. App. 877 (84 SE2d 703).

We specifically reject the suggestion that the verdict in this case "covered" the issues submitted to the jury. "Cover," a word with many meanings, as used in the context of this statute means "to treat or deal with inclusively enough for a given purpose." See Webster's New Intl. Dictionary, 2d ed. Unabridged. The given purpose of a jury's verdict is the resolution of the issues submitted, not simply an acknowledgement of the controversy submitted. Therefore, we hold that the trial court erred in accepting the jury's verdict and in denying defendant's motion to set aside the judgment entered upon the jury's incomplete verdict.

2. Defendant contends the trial court erred in refusing to allow the testimony of witness Payne. One element of plaintiff Sheryl Cohen's claim for compensatory damages was alleged mental suffering, depression and anxiety. Her psychologist testified that Mrs. Cohen suffered from "post-traumatic stress disorder," as a result of the collision, but on cross-examination the psychologist admitted that post-traumatic stress disorder only occasionally arises from motor vehicle accidents. Apparently, there are other types of stress events which can cause the same symptoms, including financial difficulties. Defendant argues that the evidence of witness Payne was admissible to show, as an alternate cause of plaintiff's post-traumatic stress disorder, that the plaintiffs' business-related problems were severe.

The proffered testimony of witness Payne is that she was a former employee of Mr. Cohen's business, that on the evening of "Halloween day" preceding a fire which destroyed the business inventory, there were a number of unusual events in that at the end of the working day Mr. Cohen stated that he had some things to do and would lock up that night and that Mr. Cohen said he was going to a bonfire.

Witness Payne further testified that shortly prior to the fire Mr. Cohen had sought assurance that the proper reports had been filed with the insurance company to insure coverage in the event of fire. She also testified that while she and another employee were trying to clean the place up after the fire she found a letter dated sometime around the third week of October stating that the franchise had been revoked.

"Generally speaking, questions of relevance are within the domain of the trial court, and, absent a manifest abuse of discretion, a court's refusal to admit evidence on grounds of lack of relevance will not be disturbed on appeal. [Cit.]" *Georgia American Ins. Co. v. Varnum*, 179 Ga. App. 195, 197 (345 SE2d 863) (1986). " 'The rule is usually stated that the judge may exercise his discretion in excluding relevant evidence if he finds that "its probative value is substantially outweighed by the risk that its admission will . . . create substantial danger of undue prejudice or of confusing the issues or of misleading the jury. . . ." ' [Cit.]" *Metropolitan Property &c. Ins. Co. v. Shepherd*, 166 Ga. App. 300, 301 (304 SE2d 74) (1983). See also *Allstate Ins. Co. v. McGee*, 157 Ga. App. 53, 55 (276 SE2d 108) (1981). There was no abuse of discretion in the trial court's exclusion of this evidence.

3. Plaintiffs' psychologist witness had counseled the plaintiffs regarding marital problems several years prior to the collision. When defendant attempted to subpoena the psychologist's records regarding this pre-collision marital counseling, plaintiffs filed a motion for protective order. Plaintiffs' motion for protective order raised the psychologist-client privilege of OCGA § 43-39-16 and questioned the relevancy of the materials at issue. The psychologist's affidavit submitted in support of the motion shows that the marital counseling continued from December 1978 through December 1979 and that the psychologist was an applied psychologist licensed in the State of Georgia since 1979. The trial court granted plaintiffs' motion for protective order thereby preventing the defendant from subpoenaing the psychologist's records regarding his pre-collision treatment of plaintiff Sheryl Cohen.

Defendant contends that the trial court's grant of the protective order is shown to be erroneous by *later testimony* which contradicts the psychologist's affidavit as to the dates of the pre-collision marital counseling and thereby suggests that at the time of the pre-collision marital counseling the psychologist was not licensed. This issue, however, was not submitted to the trial court and may not be raised for the first time on appeal. *Chambers v. Dept. of Transp.*, 172 Ga. App. 197 (2) (322 SE2d 366).

At trial defendant moved for a mistrial contending that plaintiffs waived the psychologist-client privilege by their testimony and the

testimony of the psychologist as to the substance of the pre-collision marital counseling sessions. Defendant argued that due to the denial of access to the psychologist's records regarding the pre-collision marital counseling he was unable to effectively cross-examine in regard to that issue.

However, contrary to defendant's assertion we do not find any testimony from either of the plaintiffs or the psychologist which places in issue any communication between plaintiff Sheryl Cohen and the psychologist during the period of the pre-collision marital counseling. Compare *Felts v. State*, 244 Ga. 503, 505 (260 SE2d 887); *Daughtry v. Cobb*, 189 Ga. 113, 117 (5 SE2d 352); *Griggs v. State*, 241 Ga. 317, 318 (245 SE2d 269); *Fields v. State*, 221 Ga. 307, 308 (2) (144 SE2d 339). The trial court did not err in denying defendant's motion for mistrial.

4. Defendant contends the trial court erred in allowing plaintiffs to introduce hearsay evidence of expert medical opinions concerning Mrs. Cohen. We have examined each of the six instances relied upon by defendant and find no error. None of the evidence complained of was hearsay. This enumeration of error is without merit.

5. Defendant enumerates as error the trial court's refusal to charge the jury as follows: "Ladies and gentlemen of the jury, I charge you that the testimony of a party who offers himself or herself as a witness in his or her own behalf is to be construed most strongly against him or her when it is self-contradictory, vague, or equivocal. *He or she is not entitled to a finding in his or her favor if that version of his or her testimony the most unfavorable to him or her shows that the verdict should be against him or her.*" (Emphasis supplied.) "The above-quoted portion of the trial court's charge does state two correct and interrelated abstract principles of law. See generally *Mattison v. Travelers Indem. Co.*, 167 Ga. App. 521, 525 (4) (307 SE2d 39) (1983). First, as indicated by the unemphasized portion of the contested charge, the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when that testimony is self-contradictory, vague, or equivocal. See *White v. Rainwater*, 205 Ga. 219, 224 (52 SE2d 838) (1949). However, the correct legal principle that is contained in the emphasized portion of the contested charge has no applicability in a case unless there is *no* testimony — other than the party's own vague, contradictory and equivocal testimony — upon which a verdict in his favor might be returned. [Cits.]" *Maurer v. Chyatte*, 173 Ga. App. 343 (3) (326 SE2d 543) (1985). In this case, there was evidence other than the testimony of the plaintiff which would support the verdict. The trial court correctly refused to give the charge as requested.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED MARCH 19, 1987 —
REHEARING DENIED APRIL 2, 1987 — 

W. Gordon Hamlin, Jr., Gregory R. Veal, Daniel J. Weber, Leeann Jones, for appellant.
Peter J. Anderson, Roger A. Page, Kirk M. McAlpin, L. Susan Smith, for appellee.