## 75170. STEELE v. GOLD KIST, INC.
(368 SE2d 196)

BENHAM, Judge.

Appellant Steele is the owner of two poultry houses designed and constructed by appellee Gold Kist, Inc., and roofed with a material called Onduline. Appellant chose to have Onduline used on his poultry houses after being informed by employees of appellee that Onduline was guaranteed for 25 years. Construction of the poultry houses was completed in January 1979. By March 1980, the green roof was discolored and, by early 1983, the roof was leaking. Appellant re-

placed the roofs in 1984 and then filed this lawsuit against appellee, the retailer/installer of the Onduline roofing material, and the manufacturer. A jury trial commenced in March 1986 but ended in a mistrial "based upon the absence of a pretrial order and the consequent disputes. . . ." Thereafter, appellee moved for and was granted summary judgment as to appellant's claims against appellee. This appeal followed.

1. This court's dismissal of this appeal as untimely is vacated in light of the supplementary record filed at appellant's request. The supplement contains the trial court's order of November 19, 1986, which added the final judgment language of OCGA § 9-11-54 (b) to the order granting summary judgment to appellee on November 10, 1986. Thus, appellant's notice of appeal, filed on December 18, 1986, was timely.

2. In his complaint, appellant contended that appellee had misrepresented the quality of the roofing material it sold to appellant, and had negligently installed the material on appellant's poultry houses. In an amendment, appellant sought damages for appellee's alleged stubborn litigiousness.

Through the contract entered into by appellant and appellee, appellee agreed to "provide all material, labor, and supervision thereof to furnish and install all of the buildings [the two poultry houses] . . . as shown on the plans and specifications. . . ." The contract also contained a disclaimer of warranty which stated in capitalized letters that appellee "MAKES NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, EXCEPT AS EXPRESSLY STATED HEREIN."

"[T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous." OCGA § 11-2-316 (2). "A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it . . . Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type . . . Whether a term or clause is 'conspicuous' or not is for decision by the court." OCGA § 11-1-201 (10). The combination of the capitalization of the disclaimer and its contents was sufficient to preclude an action against appellee for breach of the implied warranties of merchantability and fitness. *Harris v. Sulcus Computer Corp.*, 175 Ga. App. 140 (3) (332 SE2d 660) (1985). The grant of summary judgment on the allegations concerning breach of the implied warranties was not error.

3. It is undisputed that appellee designed and constructed the

poultry houses. Appellant's cause of action for negligent construction accrued in 1983 when the damage (leakage) first manifested itself (*Lumbermen's Mut. Cas. Co. v. Pattillo Constr. Co.*, 254 Ga. 461 (330 SE2d 344) (1985); *Shaw v. Petersen*, 180 Ga. App. 823 (2) (350 SE2d 831) (1986)), and was timely filed in June 1984. OCGA § 9-3-30.

Appellee posits that summary judgment in its favor on the issue of negligent construction was proper based on appellant's testimony. Appellee points out that appellant testified that he was satisfied with the construction of the poultry houses when construction was completed in 1979; that he did not have personal knowledge of any defect in the manner of construction of the houses; that, as far as he could tell, the houses had been built properly; and that he thought the Onduline material was defective no matter how installed. However, appellant also testified that he inspected the leaking roofs and found the nails "sticking up" from the roofing material, and that holes in the roofs usually appeared where a nail had been driven. A witness who had personally installed Onduline on his own poultry houses testified that Onduline must be installed with care with nails Onduline supplied. The record also contains a letter dated February 21, 1984, to appellant from the director of technical and field services for Onduline, which states: "We have reviewed the leakage complaint concerning the Onduline roofing on your poultry houses. From the information and photographs and sample submitted it is apparent that there are many possible contributors to your leakage problem as follows: 1. The recommended nailing pattern . . . was not followed . . . Also, on several end laps the roofing was nailed through the top of every other corrugation instead of every corrugation as recommended. This . . . produc[es] gaps where wind-driven rain can blow through. 2. The nails used on this building were not the nails supplied by Onduline . . . 3. Some of the nails are popped, meaning lifted, out of the wood framing. This is an indication of probable use of green wood during construction. . . ."

"On motion for summary judgment, the party opposing the motion[s] is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. [Cits.]" *Eiberger v. West*, 247 Ga. 767 (1) (281 SE2d 148) (1981). Inasmuch as the record contains evidence from which it can be inferred that the leakage of appellant's roofs may have been proximately caused by negligent construction on the part of appellee, it was error to grant summary judgment to appellee on this claim.

4. In light of our holding in Division 2, it was not error to grant summary judgment to appellee on the claim of stubborn litigiousness. "[I]n a case where bad faith is not at issue, attorney fees are not authorized under OCGA § 13-6-11 . . . if the evidence shows that 'a genuine dispute exists' . . . . [Cit.]" *Dimambro Northbend Assoc. v.*

*Williams*, 169 Ga. App. 219 (6) (312 SE2d 386) (1983).

*Judgment affirmed in part and reversed in part. Banke, P. J., and Carley, J., concur.*

DECIDED MARCH 21, 1988 —
REHEARING DENIED MARCH 29, 1988 —

*Nathaniel D. Wages*, for appellant.

*Rex M. Lamb III, John E. Stephenson, Jr., Jay D. Bennett*, for appellee.