A95A0118. FUEL SOUTH, INC. v. METZ.
(458 SE2d 904)

McMurray, Presiding Judge.

Fuel South, Inc., filed an action against Gail Bowen, d/b/a Bowen's Grocery, alleging Bowen unlawfully converted 5,722 gallons of its gasoline by failing to pay for the fuel according to terms of "a consignment agreement whereby [Bowen] agreed to sell [Fuel South's] fuel at her business known as Bowen's Grocery Store." Bowen denied the material allegations of the complaint and counterclaimed, alleging that Fuel South entered into a five-year agreement

with her father to split the profits from the sale of the gasoline; that Fuel South duped her (after her father became physically incapacitated) into believing that this agreement was effective for a ten-year period and that, as a result of this deception, she overpaid Fuel South and is therefore entitled to a set-off in the amount of Fuel South's conversion claim, plus $124.42 as recoupment. Bowen also seeks punitive damages based on Fuel South's alleged fraudulent conduct and requests "reasonable attorney's fees, costs and expenses of litigation necessary to defend [Fuel South's] Complaint and pursue this Counterclaim. . . ."

Upon close of evidence at a jury trial, the trial court denied Fuel South's motion for directed verdict as to Bowen's claim for attorney fees, but reserved submitting this issue to the jury until a verdict was returned on the parties' claims for conversion, fraud, set-off and recoupment. To this extent, the trial court did not charge the jury regarding the legal standard for measuring whether Bowen is entitled to attorney fees, costs and expenses of litigation. The jury, however, returned a special verdict pertinently awarding "attorney/court cost for [Bowen] in the amount of $4440.00." We granted this discretionary appeal after judgment was entered on the jury's verdict to consider Fuel South's claim that the trial court erred in failing to grant its motion for directed verdict on Bowen's claim for attorney fees, costs and expenses of litigation. *Held*:

1. Although Bowen does not state the basis of her claim for attorney fees, costs and expenses of litigation in her counterclaim, she indicates in her appellate brief that her demand is based on OCGA § 13-6-11 because Fuel South "caused unnecessary trouble and expense." It is from this perspective that Bowen contends the jury's award for "attorney/court cost" was authorized even though the trial court did not charge the jury on this aspect of her counterclaim. Specifically, Bowen argues that "the refusal to give a charge which merely embraces a simple issue of fact which the jury must know is involved in the case is not error." She also reasons that "[i]t is inconceivable that the jury would have done any differently had they been given the simple instruction [she] requested . . . found in [OCGA §] 13-6-11 that attorney's fees may be awarded where a party has caused unnecessary trouble and expense." We do not reach the validity of the jury's verdict insofar as it is outside the scope of the trial court's jury instructions since we hold that the trial court erred in denying Fuel South's motion for directed verdict as to attorney fees.

"When bad faith is not an issue and the only asserted basis for a recovery of attorney fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, there is not 'any evidence' to support an award pursuant to OCGA § 13-6-11 (Code Ann. § 20-1404) if a bona fide controversy clearly exists between the parties. Cf.

*Dubose v. Box*, 246 Ga. 660, 668 (5) (273 SE2d 101) (1980). See also *Ideal Pool Corp. v. Champion*, [157 Ga. App. 380, 383 (3) (277 SE2d 753)]; *Franchise Enterprises v. Ridgeway*, [157 Ga. App. 458, 460 (2) (278 SE2d 33)]; *Turner v. Wilmouth*, 161 Ga. App. 2, 3 (2) (288 SE2d 839) (1982). Thus, in a case where bad faith is not at issue, attorney fees are not authorized under OCGA § 13-6-11 (Code Ann. § 20-1404) if the evidence shows that 'a genuine dispute exists — whether of law or fact, on liability or amount of damages, or on any comparable issue. Where [such a genuine dispute] is found, . . . the jury [would not be authorized] to award the expenses of litigation.' *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522, 525 (191 SE2d 317) (1972)." *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219, 224 (6) (312 SE2d 386).

In the case sub judice, Bowen does not assert bad faith as a basis for the recovery of attorney fees, costs and expenses of litigation. Her claim for attorney fees is based on an assertion that Fuel South "caused unnecessary trouble and expense." The evidence adduced at trial, however, reveals the existence of a bona fide controversy over the terms of a verbal contract between Fuel South and Bowen's father. To this extent, Bowen asserted that the verbal agreement was effective for a five-year term, and Fuel South asserted that the contract was effective for ten years. Since resolution of this genuine factual dispute was key to the parties' opposing claims, a jury would not be authorized in awarding litigation expenses under OCGA § 13-6-11 based on Bowen's claim that Fuel South "caused unnecessary trouble and expense." See *Latham v. Faulk*, 265 Ga. 107, 108 (2) (454 SE2d 136), and *Candler v. Wickes Lumber Co.*, 195 Ga. App. 239, 241 (1), 242 (b) (393 SE2d 99). Consequently, the trial court erred in denying Fuel South's motion for directed verdict as to Bowen's claim for attorney fees, costs and expenses of litigation. The case must therefore be remanded with direction for the trial court to strike that portion of the judgment awarding Bowen "attorney/court cost . . . in the amount of $4440.00."

2. We have considered Fuel South's remaining enumerations of error and find them to be without merit.

*Judgment affirmed in part and reversed in part. Case remanded with direction. Andrews and Blackburn, JJ., concur.*

DECIDED JULY 7, 1995.

*Kenneth E. Futch, Jr.*, for appellant.
*T. Chris Hughes*, for appellee.