## A96A1332, A96A1333. FIRST UNION NATIONAL BANK OF GEORGIA v. COOK; and vice versa.

(477 SE2d 649)

BIRDSONG, Presiding Judge.

In Case No. A96A1332, First Union National Bank of Georgia appeals from a judgment for $350,000, based upon a jury verdict, on Howell T. Cook's claims that First Union wrongfully foreclosed on his property and breached its contract with him by wrongfully foreclosing after the security deed had been marked paid.

In 1988 Cook borrowed $50,000 from First Union, signed a note promising repayment of the loan in 90 days, and also executed a security deed giving First Union a power of sale over property on which Cook was constructing a house. The security deed also included a drag-net clause extending the deed as security for any future indebtedness Cook might incur to First Union. Cook did not pay this note as required by its terms, and First Union extended the note several times.

First Union and Cook decided in 1989 that Cook would pay off the 90-day note with the proceeds of a loan payable in ten years. First Union describes the process as essentially one transaction with one note replacing the other, but Cook contends there were two loans with the second paying off the first. Cook also maintains that the second loan was intended to be an unsecured loan. In any event, Cook executed a second note and did not execute a security deed for the second note. Some days later, Cook received from First Union the first note and the security deed both stamped paid.

When Cook fell behind on his payments on the first mortgage on the property and the holder of the first mortgage instituted foreclosure proceedings, First Union also instituted foreclosure proceedings because Cook was also behind on his payments on First Union's loan. Although Cook borrowed funds sufficient to make the payments current on the first mortgage, he did not do so with the First Union payments, and First Union continued with its foreclosure proceedings because its security position had been placed in jeopardy.

After learning that First Union intended to foreclose, Cook advised First Union on more than one occasion that it could not foreclose because the bank no longer had a security interest in the property as he had the paid security deed. Nevertheless, First Union foreclosed on the property, purchased the property for $35,000, and later sold the property to a third party for $78,500. Cook then instituted this action which led to the verdict and judgment in his favor.

First Union contends the trial court erred by admitting the testimony of Cook's expert witness regarding non-payment on intangible tax as a bar to foreclosure, by excluding First Union's expert witness during the testimony of Cook's expert witness, by failing to take ade-

quate curative measures after improper remarks by Cook's counsel during closing argument, by entering judgment on an excessive verdict, by refusing to direct a verdict on the wrongful foreclosure and breach of contract claims, by granting certain of Cook's requests to charge, and by refusing to give certain of First Union's requests to charge.

In Case No. A96A1333, Cook appeals the trial court's grant of a directed verdict on his claim for punitive damages, by granting summary judgment to First Union on his claim for attorney fees and expenses of litigation, by excluding evidence on whether the property foreclosed upon sold for its fair market value at the foreclosure sale and excluding evidence of First Union's bid analysis, and by excluding evidence of First Union's draft foreclosure manuals. *Held*:

### Case No. A96A1332

1. First Union contends the trial court erred by allowing testimony of Cook's expert witness regarding non-payment of intangible tax as a bar to foreclosing on the property securing the debt because the witness and the issue were not identified in the pretrial order. First Union also contends the trial court erred by not granting a mistrial or a continuance on the basis of this testimony and also erred by refusing to grant a new trial.

Although First Union complains that a witness not listed on the pretrial order was allowed to testify, Cook's witness was allowed to testify because First Union requested to call an expert witness on matters concerning recording documents, who also was not listed in the pretrial order, and the trial court thus allowed Cook to call his witness, who also was an expert on recording documents. Additionally, it is not correct to say that this issue was not reflected in the pretrial order. This evidence was relevant to the issue of wrongful foreclosure which was identified in the pretrial order. Further, First Union did not make a contemporaneous objection to this testimony, but instead allowed the witness to testify about this matter both on direct and cross-examination without objection. Under these circumstances, we find that First Union has waived any objection regarding this testimony. *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (476 SE2d 722). Although the *Sharpe* decision was handed down by our Supreme Court after the trial of this case, appellate courts must apply the law as it exists at the time of the appellate court judgment. *Clary v. State*, 151 Ga. App. 301 (259 SE2d 697). Also, even though this witness did testify about the effect of the failure to pay the intangible taxes on a foreclosure, his testimony was cumulative to testimony on cross-examination from First Union's own expert to which there was no objection. Accordingly, we find no reversible error.

*Harris v. Tatum*, 216 Ga. App. 607, 611 (455 SE2d 124). Therefore, the trial court did not err by refusing to grant a mistrial or by refusing to grant First Union's request for a three-week continuance to determine whether the tax payments were required or had been made.

2. First Union further contends the trial court erred by excluding its appraiser from the courtroom while Cook's appraiser testified. Pretermitting whether the trial court misapplied "the rule" is whether First Union has demonstrated any harm from the error asserted. As First Union has not done so, we find no reversible error. A party seeking a reversal must show not only error, but injury arising from the error alleged. *Ga. Power Co. v. Bishop*, 162 Ga. App. 122, 126 (290 SE2d 328). Although we do not agree with excluding the appraiser from the courtroom, this record does not support a reversal on this basis.

3. First Union also contends the trial court erred by refusing to grant a mistrial after Cook's attorney in closing argument commented on the report of Cook's appraiser that was excluded from the evidence because the expert had testified about the substance of the report. In passing on motions for mistrial, a trial judge has broad discretion that will not be disturbed unless manifestly abused. Thus, unless it is apparent that a mistrial is essential to preservation of the right of fair trial, appellate courts will not interfere with the exercise of discretion by the trial judge. *American Assn. of Cab Cos. v. Egeh*, 205 Ga. App. 228, 230 (421 SE2d 741); *Towns v. State*, 191 Ga. App. 229, 230 (381 SE2d 405). Whether a trial court takes sufficient measures to remove improper matters from the minds of the jury generally depends upon the circumstances of the case. In this appeal, we cannot conclude the trial court's response to the improper argument was so inadequate as to require a new trial. *Purvis v. Toole*, 207 Ga. App. 189, 190 (427 SE2d 565). See *Brown v. State*, 264 Ga. 48, 49 (441 SE2d 235); *Chancey v. State*, 256 Ga. 415, 435 (10) (349 SE2d 717). Here, considering the comment made concerned evidence that was before the jury in another form, we are satisfied that the trial court did not abuse its discretion.

4. First Union further contends the trial court erred by denying its motion for directed verdict and judgment n.o.v. on Cook's claims for breach of contract and wrongful foreclosure. "In determining whether the trial court erred by denying [First Union's] motion[ ] for a directed verdict and motion for judgment n.o.v., this court must view and resolve the evidence and any doubt or ambiguity in favor of the verdict. A directed verdict (and judgment n.o.v.) is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom *demands* a certain verdict." (Citations and punctuation omitted; emphasis in original.) *Southern Store '&c. Co. v. Maddox*, 195 Ga.

App. 2, 3 (392 SE2d 268). "The motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a one-way verdict proper, judgment n.o.v. should not be awarded. In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict. And this approach governs the actions of appellate courts as well as trial courts." (Citations and punctuation omitted.) *Denson v. City of Atlanta*, 202 Ga. App. 325, 326 (414 SE2d 312). As there was evidence from which the jury could conclude that First Union foreclosed based upon a "paid" security deed that was not intended to serve as security for the second loan, we find sufficient evidence on both of these claims to warrant their submission to the jury.

Further, First Union's arguments on this issue are based upon accepting only its view of the evidence. Although First Union may point to evidence supporting its position that the security deed was mistakenly marked paid and the dragnet clause in the security deed was intended to apply to the second loan, this evidence is not conclusive; Cook can point to the same and other evidence as support for his position that the deed was marked paid because it was not intended as security for the second loan. Under our law, it was the jury's obligation to decide this factual dispute, and it did so in Cook's favor.

5. First Union contends the trial court erred by giving several charges Cook requested because the charges were not raised by the evidence, unduly emphasized an issue, or were based on a theory that First Union felt was not legitimately before the jury. Neither the objections stated in the trial court nor the argument in First Union's appellate brief fully discusses the basis for the objections. Nevertheless, we have considered the jury instructions given as a whole (*Hambrick v. State*, 256 Ga. 688, 690 (353 SE2d 177); *Smith v. State*, 202 Ga. App. 701, 702 (415 SE2d 495)) and have determined that the charges First Union complains of did not constitute reversible error. Charges are authorized by the evidence if there is some evidence from which a legitimate process of reasoning can be carried on in respect to the charges (*T. G. & Y. Stores Co. v. Waters*, 175 Ga. App. 884, 886 (334 SE2d 910)), even if the preponderance of the evidence is to the contrary. *Lyles v. State*, 130 Ga. 294 (60 SE 578). As the full charge given adequately instructed the jury on the law applicable in this case, we find this enumeration of error to be without merit.

6. First Union alleges the trial court erred by refusing to give certain of its requested charges, and the transcript shows that First Union's objections to the trial court's refusal to give these charges generally consisted of stating that First Union objected to the failure

to give a numbered charge. Such objections, however, are insufficient to preserve the issue on appeal. *Lissmore v. Kincade*, 188 Ga. App. 548, 551 (373 SE2d 819). The objection must be stated distinctly so that a reasonable trial judge could understand the nature of the objection and rule intelligently on the specific point. *Christiansen v. Robertson*, 237 Ga. 711, 712 (229 SE2d 472). Further, although First Union's enumeration of error asserts the trial court erred by refusing to give 11 of its requested charges, its entire argument in support of this enumeration, less authorities cited, consists of the following: "The trial court's refusal of a requested charge over objection is error and grounds for a new trial where the evidence raises the issue to which the charge relates or otherwise warrants the giving of the charge. [Cits.] A failure to charge on any theory of defense is harmful as a matter of law. [Cit.] Defendant's Requests to Charge Nos. 12, 13, 20 (in part), 37, 41, 42, 49, 53, 54, 55, and 62 were all authorized by the evidence and formed an integral part of First Union's defense. The failure to give the charges unnecessarily harmed and prejudiced the defendant." This argument is insufficient to show that the failure to give any particular charge was error, that First Union was harmed thereby, or that the full charge given was not adequate. Therefore, we find that First Union has not shown harmful error in the trial court's refusal to give these charges. Further, it is not error to fail to charge in the exact language of a requested charge if the principles of law embodied in the request are included in the charge given. *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 160 (256 SE2d 916).

7. We find no merit to First Union's contention that the trial court entered judgment on an excessive verdict. The amount of damages authorized for the wrongful foreclosure claim is a matter committed to the jury, and the jury is not bound even by the opinions of the experts. Verdicts on such claims will not be set aside absent evidence the verdict was the result of prejudice, gross mistake, or bias. *Curl v. First Fed. Sav. &c.*, 243 Ga. 842, 844 (257 SE2d 264); *Dept. of Transp. v. Delta Machine &c. Co.*, 157 Ga. App. 423, 428 (278 SE2d 73). In this case, there was a wide range in the value placed on the property by the experts: First Union's expert testified that the value of the property was approximately $100,000, and Cook's expert witness testified that the value was $250,000 based upon a completed value of $625,000. Also, the expert testimony was not the only evidence the jury had available for their consideration. Several photographs of the house and significant detailed testimony concerning the condition of the house were presented so that the jury independently could determine the value of the property. Further, as acknowledged by one expert, placing a value on property is not an exact science. Consequently, the jury could have concluded legiti-

mately that a very large home on a five-acre tract in a desirable location was worth more than the value placed upon it by the experts. Under the evidence presented, there is nothing in the record to justify an inference of gross mistake or undue bias. Therefore, we cannot conclude that the verdict was excessive as a matter of law. Id.

### Case No. A96A1333

8. Cook contends the trial court erred by granting First Union's motion for a directed verdict on his claim for punitive damages. We agree.

"Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b); *Cullen v. Novak*, 201 Ga. App. 459, 460 (411 SE2d 331). Although punitive damages cannot be imposed without a finding of some form of culpable conduct (*Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (365 SE2d 827)), Cook presented evidence showing that First Union pursued the foreclosure even though Cook had made it known that his security deed had been marked paid, that First Union had a policy of foreclose first and ask questions later, and that First Union foreclosed on the property without paying the intangible tax.

This evidence, if believed by the jury, could authorize the award of punitive damages; evidence of a conscious and deliberate disregard of the interests of others that may be called wilful or wanton will support punitive damages. *Cullen v. Novak*, supra at 460. Whether Cook's evidence of conscious indifference to the consequences, i.e., the intentional, knowing or wilful disregard of the rights of another, was sufficient to warrant imposition of punitive damages was a question for the jury. *Read v. Benedict*, 200 Ga. App. 4, 7 (406 SE2d 488). Accordingly, we find that the trial court erred by granting First Union's motion for a directed verdict on this claim. Upon remand, the trial court is directed to employ the bifurcated procedures in OCGA § 51-12-5.1 to determine whether punitive damages should be awarded and, if so, how much.

9. We also agree that the trial court erred by granting First Union's motion for summary judgment on Cook's claim for attorney fees and expenses of litigation. The trial court granted summary judgment on Cook's claims under OCGA §§ 9-15-14 and 51-7-83 because the motions were premature. As summary judgment would constitute a ruling on the merits of these claims, however, the trial court grant of summary judgment would prevent a decision on these

motions when these claims would be ripe for adjudication. Therefore the grant of summary judgment on this basis cannot stand. Further, the trial court erred by concluding that the motion seeking fees under OCGA § 9-15-14 was premature; OCGA § 9-15-14 (e) authorizes the filing of such a motion at any time during the action up to 45 days after judgment.

Although the trial court may have correctly concluded that there was a bona fide controversy, the existence of such a controversy will not defeat a claim for attorney fees and expenses of litigation under OCGA § 13-6-11 when bad faith is an issue. See *Fuel South v. Metz*, 217 Ga. App. 731, 732-733 (458 SE2d 904); *Steele v. Gold Kist*, 186 Ga. App. 569, 571 (368 SE2d 196). Given the evidence that First Union foreclosed on the property notwithstanding its knowledge that Cook's security deed had been marked paid, a jury question existed on whether the foreclosure was undertaken in bad faith. *First Union Nat. Bank &c. v. Davies-Elliott, Inc.*, 215 Ga. App. 498, 502 (452 SE2d 132); *Ostrom v. Kapetanakos*, 185 Ga. App. 728, 729 (365 SE2d 849). Accordingly, the trial court erred by granting summary judgment on Cook's claim under OCGA § 13-6-11.

Therefore, the grant of summary judgment on Cook's claims under OCGA §§ 9-15-14 and 51-7-83 is vacated pending a ruling when such claims are ripe for adjudication, and the grant of summary judgment in Cook's claim under OCGA § 13-6-11 is reversed. The claim under OCGA § 13-6-11 may be presented when the jury considers First Union's liability for punitive damages.

10. The trial court did not err by excluding evidence of drafts of First Union's foreclosure manuals. A trial judge may exercise his discretion to exclude relevant evidence if he finds that its probative value is substantially outweighed by the risk that its admission will create substantial danger of undue prejudice or of misleading the jury. *Friedman v. Friedman*, 259 Ga. 530, 532 (384 SE2d 641); *Kane v. Cohen*, 182 Ga. App. 485, 487 (356 SE2d 94). Here, the evidence shows that the drafts Cook sought to introduce were being prepared for use in North Carolina, not Georgia. Under these circumstances, these drafts were not relevant.

11. Conversely, we find that the trial court erred by excluding the evidence concerning First Union's instructions to the agent who was to make the foreclosure sale and its bid schedules. "[T]he Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it." (Citation and punctuation omitted.) *Dept. of Transp. v. Swanson*, 191 Ga. App. 752, 754 (382 SE2d 711). This evidence was related to Cook's claim for punitive damages and

should be admitted when the hearing on those damages is conducted.

*Judgment affirmed in Case No. A96A1332. Judgment reversed with direction in Case No. A96A1333. Beasley, C. J., and Blackburn, J., concur.*

DECIDED OCTOBER 29, 1996 — 

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Peter L. Lublin,* for appellant.
*A. Thomas Stubbs,* for appellee.