### 50244. CHILDS et al. v. CATLIN et al.

QUILLIAN, Judge.

On July 25, 1974, Royce A. Childs and Patsy W. Childs filed a complaint in the Dougherty Superior Court against the defendant, Vincent J. Catlin, and Berman Leasing, Inc. The complaint arose out of an automobile collision which occurred on August 1, 1972 in DeKalb County. On July 26, 1974, the defendant Catlin was served by deputy sheriff by leaving copy of the complaint at his most notorious place of abode. The defendant Catlin was subsequently personally served on August 28, 1974.

On August 23, 1974, the defendant Catlin filed a motion to dismiss the action or to quash the return of service of summons on the ground that there had been no proper service on the defendant. On that same day the defendant Catlin filed a separate motion to dismiss based on the grounds that this was an action for personal injuries sustained on August 1, 1972 and that no valid complaint was pending on August 1, 1974. Hence, the statute of limitation had run.

In opposition to the defendant's motions the attorney of record for the plaintiffs filed an affidavit which recited in part: That after filing suit on July 25, 1974, that on July 26, 1974 he personally called the office of the Dougherty Superior Court clerk requesting whether service had been perfected on the defendant and was advised that service had been perfected and entry made to that effect on the original complaint; that he received no further notice advising as to how service had been perfected; that on August 23, 1974 he was advised by the defendant's attorney that the defendant was filing a motion to quash service and a motion to dismiss because service had not been perfected on the defendant by personal service.

The affidavit further recited that plaintiff's attorney immediately took action to have personal service perfected on the defendant; that since the 24th and 25th of August were on the weekend service could not be perfected at that time; that August 26 he made inquiry and was advised that the defendant was out of town and would not be in until the following night; that finally on August 28, 1974 he was advised that service had been

perfected.

After a hearing the trial judge entered the following order and findings of fact: "(1) The plaintiffs' petition shows that the cause of action upon which this suit is based arose out of an accident which occurred on August 1, 1972, and (2) that suit was filed in the Superior Court for the County of Dougherty, State of Georgia, on July 25, 1974, and (3) that an invalid service was obtained on July 26, 1974, and (4) that valid service on the defendant was not obtained until August 28, 1974, and (5) that the statute of limitation for this cause of action has therefore run." Based upon these findings the case was dismissed. Appeal was taken from that order.

For purposes of appeal parties have stipulated the following facts: "(1) That plaintiff Patsy W. Childs and defendant Vincent J. Catlin were involved in an automobile accident on August 1, 1972, in Dekalb County, Georgia; (2) that on July 25, 1974, a complaint was filed in the Superior Court of Dougherty County, Georgia by plaintiffs' attorney of record; (3) that on July 26, 1974, defendant Vincent J. Catlin was served by a deputy sheriff of the Dougherty County Sheriff's Department by leaving a copy thereof at his most notorious place of abode; (4) the defendant Vincent J. Catlin was personally served and an entry made to that effect in the office of the Clerk of Superior Court of Dougherty County, Georgia on August 28, 1974." *Held:*

Section 4 of the Civil Practice Act (Code Ann. § 81A-104 (c); Ga. L. 1966, pp. 609, 610; 1967, pp. 226, 227, 228, 249; 1968, p. 1036; 1968, pp. 1104, 1105; 1969, p. 487; 1972, pp. 689-692) provides: "When service is to be made within this State, the person making such service shall make such service within five days from the time of receiving the summons and complaint; but failure to make service within such five-day period will not invalidate a later service."

The defendant argues that these provisions are mandatory where a statute of limitation is involved. That is, if suit were filed before the expiration period under the statute then the plaintiff would have 5 days thereafter to perfect such suit by service. If service were obtained within 5 days even though after the expiration of the

statute of limitation the suit would not be barred. However, if service were not obtained until more than 5 days thereafter then the suit would indeed be barred.

The plaintiff argues that the 5-day time period is merely directory to the sheriff and that the proper rule to apply is one of laches involving whether the plaintiff used reasonable diligence in attempting to perfect service after filing suit and after the normal expiration time of the statute of limitation.

Both parties argue and rely upon the case of *Hilton v. Maddox,* 125 Ga. App. 423 (188 SE2d 167). The *Hilton* case contains an exhaustive study of the prior law and the present law and the cases interpreting it. Among the points made therein is found this: " 'If the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation. *Poullain v. Poullain,* 76 Ga. 420 (a) (4 SE 92); *McFarland v. McFarland,* 151 Ga. 9 (2) (105 SE 596); *Burrow v. Dickerson,* 108 Ga. App. 178 (132 SE2d 550).' *Parker v. Kilgo,* 109 Ga. App. 698, 700 (137 SE2d 333). 'Limitation is suspended by the filing of a suit because the suit warns the defendant to collect and preserve his evidence in reference to it.' Barthel v. Stamm, 145 F2d 487, 491. Obviously, there is no warning of the defendant until he is served. 'The defendant has no legal notice of the suit until served with a copy of the petition and process' and if the notice is to relate back, he must proceed with diligence in getting service perfected." Pp. 425, 426.

The *Hilton* case involved the following facts: Damages were sought for personal injuries sustained on August 7, 1966; suit was filed on October 8, 1968. However, service was not had on the defendant until April 23, 1971. After a thorough discussion of the applicable authorities Judge Eberhardt held: "Then what effect does a belated service have, particularly where the delay is great, as here? It is laches, authorizing the court to dismiss the action where the statute of limitation had run before the service was so belatedly perfected. Although the late service is not 'invalidated,' it results in no pending

suit between the parties until the date of the service and gives effect to the bar of the limitation. If the service had been perfected within the five days it would have related back, even though the statute ran between the filing of the petition and the perfection of service; and the suit also would be valid as a pending action upon which the plaintiff could proceed if, though late, service had been perfected before the running of the statute. No less diligence is required under the Civil Practice Act than was the case under the Practice Act of 1946." Pp. 426, 427.

In *Humble Oil &c. Co. v. Fulcher,* 128 Ga. App. 606, 609 (197 SE2d 416), Judge Clark considered a situation where filing was made prior to the expiration of the statute of limitation but service was not perfected until one day thereafter. He relied upon *Parker v. Kilgo,* 109 Ga. App. 698, 700 (137 SE2d 333), cited by the *Hilton* case and held that since the defendant was not unduly prejudiced by the delay that the statute did not act to bar the suit.

The clear import of Judge Eberhardt's decision is that the old cases recognizing a more flexible standard still appertain to the present law. We think this is shown by his reference to the fact that the 5-day period is not absolute and that service could be made after that time as the statute clearly provides. The utilization of both the words "laches" and "diligence" manifest an intent that they describe the true test here. The reference that if the 5-day limitation had been met the suit would relate back was merely to point out the effect of such relation back.

In any case, the correct test must be whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. There, of course, will be situations where despite all the diligence of the plaintiff, service cannot be obtained within 5 days and before the expiration of the statute of limitation. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be.

The defendant argues that since the facts do not establish that the plaintiff was diligent, the trial judge

would have been authorized, acting within his discretion, to have found he was not diligent and that we should affirm his judgment based on the rule that when a trial judge exercises his discretion he will not be reversed unless it is shown there was a gross abuse of such discretion.

Here however the trial judge recited clearly the facts on which he relied, none of which make any mention of laches, lack of diligence, or any other factor other than the mere time lapse and the time factors involved. In such a situation, the rule of affirmance if the judge is right for any reason does not apply. As held in *Lowance v. Dempsey,* 99 Ga. App. 592 (2) (109 SE2d 318): "Where, upon the question raised, the trial judge has a legal discretion to exercise and passes judgment on the question, resting his decision solely upon a point of law and affirmatively showing from the language of the ruling that he failed to exercise any discretion whatsoever in the premises, the rule of discretion does not apply; and if the legal ground on which the judgment was rested was erroneous, a reversal will result." Accord, *Harrington v. Frye,* 116 Ga. App. 755, 756 (159 SE2d 84); *Stribling v. Ga. Railway &c. Co.,* 139 Ga. 676, 687 (78 SE 42); *Watson v. Elberton-Elbert County Hosp. Authority,* 229 Ga. 26, 27 (3) (189 SE2d 66). See also *Marion County v. McCorkle,* 187 Ga. 312 (2) (200 SE 285); *Ballard v. Waites,* 194 Ga. 427, 429 (1-2) (21 SE2d 848).

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED FEBRUARY 4, 1975 — DECIDED MAY 12, 1975.

*Tillman, Brice, McTier & Coleman, George T. Talley,* for appellants.

*Perry, Walters, Lippitt & Custer, C. Richard Langley,* for appellees.