A92A0835. CORLEY v. GILLEY.
(423 SE2d 55)

ANDREWS, Judge.

Plaintiff/appellant Corley and defendant/appellee Gilley were involved in a vehicular accident on October 15, 1988. Corley claimed that she was injured in the collision and on October 10, 1990 filed a lawsuit for damages for personal injuries against Gilley.

The record shows that the Fulton County marshal unsuccessfully attempted to serve Gilley on October 19, 1990 and on December 13, 1990. On December 20, 1990, 71 days after the complaint was filed, and 66 days after the applicable statute of limitation expired, Gilley was served. Gilley filed a motion to dismiss on the basis that the suit

was barred by the applicable statute of limitation; the trial court granted the motion and Corley appeals.

Corley claims that the trial court erred in granting the motion to dismiss in that there was considerable evidence that she acted in a reasonable and diligent manner to ensure proper service as quickly as possible.

We find no error. "The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9-11-4 (c) . . . requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation." (Citations and punctuation omitted.) *Anderson v. Hughes*, 196 Ga. App. 186, 187 (1) (395 SE2d 623) (1990).

"The burden is on the plaintiff, not the sheriff, to show diligence in attempting to insure that proper service has been made as quickly as possible. The trial court was authorized to exercise its discretion in determining whether under the facts presented to it the delayed service constituted laches so as to warrant dismissal where the statute of limitation had run before the service was belatedly perfected. Considering the factual posture, we cannot say as a matter of law that the trial court abused its discretion in holding that the plaintiff did not exercise due diligence in attempting to perfect timely service on defendant." (Citations and punctuation omitted.) *Jarmon v. Murphy*, 164 Ga. App. 763, 764 (298 SE2d 510) (1982); see also *Watters v. Classon*, 193 Ga. App. 493 (1) (388 SE2d 397) (1989).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 1, 1992.

*Jim White, Fred R. White*, for appellant.
*Harper, Waldon & Craig, Russell D. Waldon, Hilliard V. Castilla*, for appellee.