### A93A2556. DELOACH v. HEWES et al.
(439 SE2d 94)

BLACKBURN, Judge.

Appellant Robert Deloach, by and through guardian and next friend, Arthur Deloach, Jr., plaintiff in the underlying action, appeals the trial court's order granting the defendants' motion for summary judgment or in the alternative, motion to dismiss. The trial court determined that Deloach failed to exercise reasonable diligence in serving the defendants after the expiration of the statute of limitation.

Deloach filed the underlying action on October 15, 1992, for injuries arising out of an incident that occurred on October 19, 1990. The complaint included the defendants' proper address. The filing occurred four days prior to the expiration of the statute of limitation. After the complaint was filed, at least two telephone calls were made to the State Court of Fulton County clerk's office and one telephone call to the Fulton County marshal's office to determine when the complaint was served, to no avail. Defendants were personally served with process on November 23, 1992, thirty-nine days after the filing of the action and thirty-five days after the expiration of the applicable statute of limitation. Both defendants were served at their residence by a Fulton County deputy marshal on his first attempt.

OCGA § 9-11-4 (c) provides that "the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service." The marshal's office, over which plaintiff had no control, failed to meet this statutory duty. Without notice to plaintiff, the marshal's office did not even attempt to serve defendants for 39 days and accomplished service on the first attempt. This is not a case where unsuccessful attempts to serve the defendants put the plaintiff on notice of a problem and required him to go forward with additional efforts. "A plaintiff should not be penalized for reasonably relying upon the sheriff to fulfill his duty to serve properly addressed process papers." *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 350, n. 2 (408 SE2d 111) (1991).

"In any case, the correct test must be whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975). In the present case, the trial court determined that Deloach failed to exer-

cise due diligence in serving the defendants. We cannot agree. The fact that plaintiff filed his complaint within the statute of limitation, and the correct address for service coupled with the statutory duty on the marshal's office to accomplish service within five days and plaintiff's follow-up calls to the clerk's office and the marshal's office, clearly demonstrates diligence on the part of plaintiff. The plaintiff has no authority to require the marshal's office to perform its duties, especially where the plaintiff is unable to ascertain through inquiry to the clerk's office or the marshal's office whether or not defendants have been served.

In *Childs*, supra, the plaintiff relied upon the Superior Court clerk's assurance that the complaint was served on the day after it was filed. Twenty-nine days later, the plaintiff learned that the defendant had not been properly served. Thereafter, the plaintiff took steps to properly serve the defendant. The defendant was properly served 34 days after the complaint was filed and 27 days after the expiration of the statute of limitation. We reversed the trial court's dismissal of the complaint and determined that the mere passage of time was insufficient to support dismissal. Id. at 782. In determining whether the plaintiff, in *Childs*, had exercised due diligence in serving the defendant, we focused on the plaintiff's efforts *after* he became aware that the State had failed to properly serve defendant. Id. at 778.

In the present case, unlike *Childs*, the plaintiff was never able to determine the State failed to serve defendants, and again, the mere passage of time is insufficient to support the trial court's erroneous dismissal for lack of diligence.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 9, 1993.

*Harrison & Harrison, Stephen P. Harrison*, for appellant.
*Downey, Cleveland, Parker, Williams & Davis, G. Lee Welborn*, for appellees.