## A96A1669. JACKSON et al. v. NGUYEN.
(484 SE2d 337)

BEASLEY, Judge.

The Jacksons sued Nguyen and a co-defendant. Nguyen counterclaimed and moved to dismiss the claim because of untimely service of process. The trial court granted the motion and, pursuant to OCGA § 9-11-54 (b), directed the entry of final judgment as to the Jacksons' claims, from which the Jacksons appeal.

Suit, instituted May 24, 1995, arises from an automobile collision between Jackson and Nguyen on May 29, 1993. Although Nguyen's correct residential address is recited in the complaint, service was not perfected at that address until June 15, seventeen days after expiration of the two-year statute of limitation in OCGA § 9-3-33. At the hearing on Nguyen's motion, the Jacksons' attorney explained the delay by stating that he had turned the matter over to

the sheriff. The court, noting that counsel had acknowledged awareness of defendant's address when the complaint was filed, rejected the reason given for the delay and found that plaintiffs failed to exercise reasonable diligence.

" 'The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9-11-4 (c) . . . requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. . . .' [Cit.]" *Corley v. Gilley*, 205 Ga. App. 660, 661 (423 SE2d 55) (1992). " ' "A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be." [Cits.] The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. [Cit.]' [Cit.]" *Brown v. Bailey*, 180 Ga. App. 555, 557 (1) (349 SE2d 792) (1986).

" 'The burden is on the plaintiff, not the sheriff, to show diligence in attempting to insure that proper service has been made as quickly as possible. . . .' [Cits.]" *Corley*, supra. But "[t]his is not a case where unsuccessful attempts to serve the defendants put the plaintiff on notice of a problem and required him to go forward with additional efforts." *Deloach v. Hewes*, 211 Ga. App. 321 (439 SE2d 94) (1993). Nor is this a case where service was not made until years after the complaint was filed. Compare *McNeal v. Able*, 135 Ga. App. 702 (218 SE2d 460) (1975); *Hilton v. Maddox &c. Contractors*, 125 Ga. App. 423 (188 SE2d 167) (1972), cited in Ga. Practice & Procedure (1996 ed.), p. 225, § 8-9, fns. 5 & 6. " 'A plaintiff should not be penalized for reasonably relying upon the sheriff to fulfill his duty to serve properly addressed process papers.' *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 350, n. 2 (408 SE2d 111) (1991)." *Deloach*, supra. As in *Bennett*, supra at 350 (1), "plaintiffs provided the sheriff's office with the proper address of [defendant] for service of process on the date the . . . complaint was timely filed. Thus, the record affirmatively shows the plaintiffs did all that was initially required of them. Every case of which we are aware in which this court has affirmed the dismissal of the complaint for untimely service of process has involved lack of diligence by the plaintiff in determining the location where the defendant could be properly served. [Cits.] Thus, these cases are materially distinguishable from the facts now before

us." (Footnote omitted.)

In this case, unlike *Deloach* but like *Bennett*, it does not appear that after the complaint was filed plaintiffs contacted the process server to ensure that he was making timely service. But whether there was inquiry or not, *Deloach* recognizes that "[t]he plaintiff has no authority to require the marshal's office to perform its duties. . . ." Id. at 322. As observed in *Bennett*, supra at 350, n. 2, "[o]nly if a properly executed return of service form is not filed within a reasonable time after the expiration of the five days provided for service would the plaintiff be on notice that the sheriff has not fulfilled his duty but by that time the period would have expired, anyway." The trial court in this case made no finding of laches, lack of diligence, or any other factor other than that the plaintiffs had relied on the sheriff to perfect service in the time expressly directed by statute. As a matter of law, plaintiffs were justified in relying on the sheriff to perform his duty to make service within five days of receiving the summons and complaint, at the address given. OCGA § 9-11-4 (c). In this case, as in *Bennett* and *Deloach*, service would have been timely if the sheriff had performed his duty. In *Bennett*, plaintiffs filed a renewal action two days before the expiration of the statutory renewal period but after expiration of the applicable statute of limitation. Service of process was perfected on defendant 13 days after the complaint was filed. We find no material distinction between this case and *Bennett*; and, although *Deloach* is factually distinguishable, its rationale compels the conclusion that the complaint in this case should not have been dismissed. Therefore, as in *Bennett* and *Deloach*, the dismissal of the complaint must be reversed.

*Judgment reversed. McMurray, P. J., Pope, P. J., Johnson, Smith, Ruffin, JJ., and Senior Appellate Judge Harold R. Banke concur. Andrews, C. J., and Birdsong, P. J., dissent.*

BIRDSONG, Presiding Judge, dissenting.

1. Although appellants satisfied one of their obligations by providing the sheriff with Nguyen's correct address, this one fact, standing alone, is not enough to show due diligence in seeing that service was perfected as quickly as possible. Moreover, whether appellants were guilty of laches is a matter committed to the discretion of the trial court, and I do not believe that this record shows an abuse of that discretion. Therefore, I must respectfully dissent.

2. Giving a proper service address was only one of appellants' obligations when they filed a complaint with the expiration of the statute of limitation only days away. There remained the very serious obligation of acting in a reasonable and diligent manner in attempting to assure that service was made as quickly as possible. *Shears v. Harris*, 196 Ga. App. 61 (395 SE2d 300). Admittedly appellants had

no actual control over the sheriff's office and could not guarantee that service would be made as quickly as possible, but our law expects more of plaintiffs than merely to wait for the sheriff to serve process in the sheriff's own good time. This record does not even show that appellants pointed out that the statute of limitation was about to run, asked for expedited treatment by the sheriff's office before the statute ran, or ever called the clerk's office to determine whether service was perfected. They certainly did not call the sheriff when service was not made within five days, ask why service had not been made, or ask for quick service. The *only thing* that appellants assert that they did to assure that proper service was made as quickly as possible was that they put the correct address on the summons and complaint. That is not enough. "A plaintiff is required to keep himself informed as to the progress of the case, and is under a duty to learn whether the defendants have been served and to take action to insure that they have been served. The plaintiff cannot simply rely on the clerk or sheriff to perfect service." (Footnote omitted.) Ga. Practice & Procedure (1996 ed.), pp. 223-224, § 8-9. Although not absolutely required, some lawyers in this circumstance would have had a special process server appointed to assure that service was promptly perfected. Here plaintiffs did nothing.

3. As this action was filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, appellants were required to establish that service was made in a reasonable and diligent manner in an attempt to ensure that proper service was made as quickly as possible. As reasonable and diligent efforts were not made to ensure proper service as quickly as possible, appellants were guilty of laches, and service does not relate back to the time of the filing of the complaint so that the statute of limitation was tolled. *Bowman v. U. S. Life Ins. Co.*, 167 Ga. App. 673, 676 (307 SE2d 134); *Childs v. Catlin*, 134 Ga. App. 778 (216 SE2d 360). Therefore, I believe that the trial court ruled correctly by dismissing the complaint.

4. Although *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348 (408 SE2d 111), can be read to suggest that a plaintiff is authorized to rely upon the sheriff doing his duty if the plaintiff provides a correct service address, the true import of the holding is in footnote 2: "A plaintiff should not be penalized for reasonably relying upon the sheriff to fulfill his duty to serve properly addressed process papers." Id. at 350. Thus, the question remains whether the plaintiffs' actions were reasonable given the fact that the statute of limitation would expire in only a few days. As I cannot agree that appellants' actions were reasonable, I do not believe that *Bennett v. Matt Gay Chevrolet* should be read to say that merely providing the sheriff with the defendant's correct service address and nothing more is suf-

ficient. In *Deloach v. Hewes,* 211 Ga. App. 321 (439 SE2d 94), also cited by the majority, the plaintiff did not merely rely upon the sheriff but in fact called both the clerk and the marshal. These appellants, however, did nothing.

5. As the trial court's order states that "plaintiffs have failed to exercise diligence in perfecting service upon defendant, and thus service was untimely," I cannot agree that the trial court "made no finding of laches, lack of diligence, or any other factor other than that the plaintiffs had relied on the sheriff to perfect service." Moreover, as the majority has not demonstrated how the trial court abused its discretion in reaching this conclusion, I would affirm the dismissal. "Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Citation and punctuation omitted.) *Shears v. Harris,* supra at 62.

This record does not show an abuse of discretion. "In this determination the trial court hearing the motion to dismiss is vested with a discretion to determine the cause of the delay; if it is attributable to the plaintiff and the court dismisses the complaint this court will not intervene. The diligence exercised by the plaintiff describes the true test." (Citations omitted.) *Bible v. Hughes,* 146 Ga. App. 769, 770 (2) (247 SE2d 584). Even though the majority may not agree with the decision of the trial court, that does not mean the trial court abused its discretion. As no one can deny that these appellants were woefully deficient in attempting to perfect, it cannot be said that the trial court's conclusion that appellants were guilty of laches is not supported by the evidence. Even though the majority attempts to make something of the fact that the service in this case was not made years after the statute of limitation expired, the burden of showing a lack of fault rests with the plaintiffs (*Bible v. Hughes,* supra at 771) and I know of no exception to that rule for cases for which a plaintiff was not grossly late in perfecting service.

Although I do not relish the dismissal of a party's complaint, these plaintiffs failed to exercise any diligence, much less due diligence.

Accordingly, I respectfully dissent. I am authorized to state that Chief Judge Andrews joins in this dissent.

DECIDED MARCH 19, 1997 — ▆▆▆▆▆▆▆

*Richard W. Ragsdale,* for appellants.
*Smith, Howard & Ajax, Matthew G. Moffett,* for appellee.