### A99A2383. JACKSON v. DOE.
(532 SE2d 761)

POPE, Presiding Judge.

Vassie Jackson filed suit for personal injuries one day before the running of the statute of limitation. The court dismissed her suit for failure to serve the defendant within the statute of limitation. Relying on OCGA § 9-11-4 (c), the court found that Jackson failed to diligently serve the defendant within five days of filing the complaint and that therefore service did not relate back to the time of the complaint. But the five-day time limit in OCGA § 9-11-4 applies to the process server, not the plaintiff, and therefore the court applied the wrong standard.

Jackson filed suit against an unknown person in the Superior Court of Washington County on December 15, 1998; the limitation period expired the next day. The record reflects that seven days later, the Fulton County Sheriff's Department received the summons and complaint for service on Jackson's uninsured motorist carrier. The sheriff indicated on his "Entry of Service" dated December 23 that Cotton States Mutual Insurance Company could not be found in the jurisdiction. The entry of service was returned to Jackson, but the record does not reflect how or when. On January 13, 1999, Jackson returned the summons and complaint to the same sheriff with instructions that service should be reattempted. Cotton States was served on February 2, 1999, and it appears that the address was correct all along.

The trial court held that there was no evidence that Jackson acted diligently in relation to the seven days that it took to get the summons and complaint to the sheriff of Fulton County, such as using expedited mail. The court relied on cases applying the five-day requirement of OCGA § 9-11-4 (c) to plaintiffs. These cases provide that if a plaintiff files a complaint just before the expiration of the statute of limitation but service is not perfected within the limitation period or five days of the complaint, the plaintiff must show that he or she acted diligently to ensure that service relates back to the filing of the complaint.

But the Supreme Court has clarified that OCGA § 9-11-4 (c) imposes a five-day burden on the process server, not the plaintiff.

OCGA § 9-11-4 (c) provides a time frame for performance *by the process server* once service is sought, but does not provide a time limit within which service must be initiated by the plaintiff. Thus, "the mere time lapse" between the date of filing and the date of service is not a valid basis for dismissal.

(Emphasis supplied.) *Ga. Farm &c. Ins. Co. v. Kilgore*, 265 Ga. 836, 837 (462 SE2d 713) (1995), citing *Childs v. Catlin*, 134 Ga. App. 778, 782 (216 SE2d 360) (1975).[1] This holding reflects the language of OCGA § 9-11-4 (c):

When service is to be made within this state, the *person making such service* shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service.

(Emphasis supplied.) Id.

Thus, the principle of law controlling whether service was timely is whether the plaintiff acted diligently:

Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if the plaintiff shows that [s]he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If [s]he were, of course [s]he would be barred, but if [s]he acted in a reasonably diligent manner then [s]he would not be.

(Citations and punctuation omitted.) *Freemon v. Dubroca*, 177 Ga. App. 745 (2) (341 SE2d 276) (1986). See also *Childs*, 134 Ga. App. at 781. "The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Cita-

---

[1] See also *Deloach v. Hewes*, 211 Ga. App. 321, 322 (439 SE2d 94) (1993) (it is the statutory duty of the marshal's office to accomplish service within five days, not the plaintiff's duty to accomplish service within five days of filing their complaint).

tions and punctuation omitted.) *Freemon*, 177 Ga. App. at 746 (2).

Relation back is not dependent on whether service was accomplished within five days of the filing of the complaint. Therefore, a plaintiff need not use express mail in order to meet a five-day deadline. Accordingly, we remand for further proceedings consistent with this opinion.

*Judgment reversed and remanded. Smith and Miller, JJ., concur.*

DECIDED MARCH 28, 2000.

*Robin Shipp-Matos,* for appellant.
*Spivey, Carlton & Edenfield, J. Franklin Edenfield,* for appellee.