A05A2159. LEE v. KIM.
(622 SE2d 99)

BLACKBURN, Presiding Judge.

In this personal injury action filed two days before the applicable statute of limitation was to run, plaintiff Won Suk Lee appeals the dismissal of his complaint where the only basis for the court's ruling was that the sheriff's office did not serve the complaint and summons until thirteen days after the complaint was filed. We agree with Lee that such alone did not show laches on his part; therefore, we reverse the judgment.

Lee sued Don Kim for injuries arising out of Kim's dog biting Lee on March 10, 2003. Lee filed the suit in Gwinnett County on March 8, 2005, two days before the two-year statute of limitation was to run. See OCGA § 9-3-33. Both in the complaint and in the return of service form given the sheriff, Lee correctly listed Kim's address in Gwinnett County. Though the sheriff's office received the service papers on March 9, a deputy did not serve the summons and complaint until March 21, 13 days after the complaint was filed and 11 days after the statute of limitation had run.

Kim moved to dismiss the complaint on the ground that to relate back to the date of filing for statute of limitation purposes, the

---

[11] *Sanford v. State*, 251 Ga. App. 190, 191 (553 SE2d 854) (2001).
[12] *Johnson v. State*, 248 Ga. App. 454, 456 (3) (546 SE2d 562) (2001).

complaint had to be served on Kim within five days of filing. Cf. OCGA § 9-11-4 (c). The trial court agreed, finding that service 13 days after the filing of the complaint and 11 days after the running of the statute of limitation constituted laches on the part of Lee. Lee appeals the dismissal order.

*Jackson v. Nguyen*[1] sets forth the relevant principles of law:

> The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9-11-4 (c) requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be. The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitation[ ] is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.

(Citations and punctuation omitted.)

Finding an abuse of discretion, *Jackson* reversed a dismissal order under facts virtually identical to those of the case at bar. Filing his personal injury action five days before the running of the two-year statute of limitation, the *Jackson* plaintiff supplied the sheriff's office with the correct address of the defendant with the filing of the complaint. Id. at 599. The sheriff did not serve the papers until twenty-two days later, or seventeen days after expiration of the two-year statute of limitation. Id. Quoting *Bennett v. Matt Gay Chevrolet Oldsmobile*,[2] *Jackson* held that "[a] plaintiff should not be penalized for reasonably relying upon the sheriff to fulfill his duty to serve properly addressed process papers." (Punctuation omitted.) Id. at 600. *Jackson* explained: "As in *Bennett*, supra at 350 (1), plaintiffs provided the sheriff's office with the proper address of defendant for

---

[1] *Jackson v. Nguyen*, 225 Ga. App. 599, 600 (484 SE2d 337) (1997).
[2] *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 350 (1), n. 2 (408 SE2d 111) (1991).

service of process on the date the complaint was timely filed. Thus, the record affirmatively shows the plaintiffs did all that was initially required of them." (Punctuation omitted.) Id. at 600. See *Morse v. Flint River Community Hosp.*[3] Accordingly, *Jackson* concluded: "As a matter of law, plaintiffs were justified in relying on the sheriff to perform his duty to make service within five days of receiving the summons and complaint, at the address given." Id. at 601. See *Morse*, supra at 225.

Here, Lee also did all that was required of him when he supplied the sheriff's office with the correct service address for Kim with the filing of the complaint. Accordingly, he was similarly justified in relying on the sheriff to perform his duty to serve process within five days of receiving the process papers. The delay of 11 days past the statute of limitation here is less than or equal to the delay of 17 days and 11 days in *Jackson* and *Bennett* respectively, in both of which we reversed the trial court for abusing its discretion when it dismissed the complaint on these grounds. Thus, we similarly find that the trial court abused its discretion in dismissing the complaint here.

Kim seeks to distinguish *Jackson* and *Bennett* on the ground that the trial court here made an express finding of laches by Lee in failing to more diligently ensure prompt service. But such an argument ignores the clear holding in both *Jackson* and *Bennett* that a plaintiff who gives the correct address to the sheriff (and who has no reason to believe there is a problem with service) may rely on the sheriff's office to timely serve the process papers. See *Morse*, supra at 225 ("[u]ntil she received some notice that the sheriff was unable to locate a defendant, that a defendant's address was incorrect, or that service was not possible for some other reason, [plaintiff] could reasonably rely on the clerk and sheriff to fulfill their duties").

Moreover, Kim misreads *Jackson* and *Bennett*. *Jackson* held: "The trial court in this case made no finding of laches, lack of diligence, or any other factor *other than* that the plaintiffs had relied on the sheriff to perfect service in the time expressly directed by statute." (Emphasis supplied.) Id. at 601. See *Bennett*, supra at 350 (1) ("[t]he trial judge made no finding of laches, lack of diligence or any other factor than mere lapse of time, nor would the facts of this case support such a finding"). The trial court's finding here of Lee's laches was not based on any evidence *other than* that Lee had relied on the sheriff to perfect service in the time directed by statute and that less than two weeks had passed before the sheriff served the complaint. As *Jackson* and *Bennett* have expressly rejected such as the sole basis for laches, the trial court here erred in finding laches on that basis.

---

[3] *Morse v. Flint River Community Hosp.*, 215 Ga. App. 224, 225 (450 SE2d 253) (1994).

Kim cites several cases where we have upheld the trial court's finding of laches and affirmed the trial court's decision to dismiss the action. As stated in both *Jackson* and *Bennett*, "[e]very case of which we are aware in which this court has affirmed the dismissal of the complaint for untimely service of process has involved lack of diligence by the plaintiff in determining the location where the defendant could be properly served. Thus, these cases are materially distinguishable from the facts now before us." (Citations omitted.) *Bennett*, supra at 350 (1). Accord *Jackson*, supra at 600-601. Compare *Strickland v. Home Depot*[4] (plaintiff failed to determine correct county for service); *Walker v. Bord*[5] (plaintiff provided sheriff with outdated address). Cf. *Anderson v. Hughes*[6] (plaintiff provided sheriff with wrong name).

Also distinguishable are those cases cited by Kim which hold that once alerted to a service problem, the plaintiff must exercise the greatest possible diligence in perfecting service. See *Carter v. McKnight*[7] (unsuccessful service attempt alerted plaintiffs to problem with service, "requiring them to exercise the greatest possible diligence in serving" defendant); *Douglas v. Seidl*[8] (sheriff alerted plaintiff that service was not effected because plaintiff had moved to another city). Cf. *Corley v. Gilley*[9] (sheriff's delay of over two months in serving process alone alerted plaintiff to service problem). Here, Lee received no notice of any problem in perfecting service, and service took place within two weeks of the complaint's filing.

Accordingly, we hold that the trial court abused its discretion in finding that Lee did not exercise sufficient diligence in perfecting service. We must reverse.

*Judgment reversed. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 17, 2005.

*Jin Choi*, for appellant.
*Hammond, Carter & DeNapoli, Anthony E. DeNapoli*, for appellee.

---

[4] *Strickland v. Home Depot*, 234 Ga. App. 545, 547 (507 SE2d 783) (1998).
[5] *Walker v. Bord*, 225 Ga. App. 242, 243 (483 SE2d 675) (1997).
[6] *Anderson v. Hughes*, 196 Ga. App. 186, 187-188 (1) (395 SE2d 623) (1990).
[7] *Carter v. McKnight*, 260 Ga. App. 105, 107 (2) (578 SE2d 901) (2003).
[8] *Douglas v. Seidl*, 251 Ga. App. 147 (553 SE2d 829) (2001).
[9] *Corley v. Gilley*, 205 Ga. App. 660, 661 (423 SE2d 55) (1992).