A07A0074. B&B QUICK LUBE, INC. v. G&K SERVICES COMPANY.

(641 SE2d 198)

BLACKBURN, Presiding Judge.

Appellant B&B Quick Lube, Inc. (B&B) appeals the denial of its motion to set aside a default judgment, arguing that G&K Services Company's (G&K) service of process was insufficient. For the reasons set forth below, we affirm.

"Absent an abuse of discretion, we will not reverse a trial court's refusal to set aside a default judgment." *Stone Exchange v. Surface*

*Technology Corp. of Ga.*[1] So viewed, the facts demonstrate that on December 19, 2003, G&K filed a complaint against B&B, alleging breach of contract. The matter was then turned over to the Fulton County Sheriff for service upon B&B's registered agent at the address listed with the Secretary of State. On January 6, 2004, a paralegal with G&K's counsel contacted the sheriff's office to inquire whether B&B had been served and was told that service was attempted on two occasions (January 2 and 6) but was unsuccessful. The next day, the sheriff's office again attempted service unsuccessfully and determined that the building was empty. Approximately one week later, G&K's counsel sent copies of the complaint to the same address for B&B via statutory overnight delivery. On January 14, 2004, G&K's counsel received confirmation from the delivery company that the complaint had been received by a R. Harrison at B&B.

On March 18, 2004, after receiving no answer or any other responsive pleading from B&B, G&K moved for default judgment. Two months later, the trial court granted G&K's motion and issued a final judgment awarding damages to G&K for B&B's breach of contract. Over one year later, B&B filed a motion to set aside the default judgment on the ground that it had never been sufficiently served with process and thus did not have notice of G&K's breach of contract claim. Following the trial court's denial of that motion, we granted B&B's application for discretionary appeal.

On appeal, B&B contends that the trial court erred in denying its motion to set aside the default judgment, in that G&K did not employ reasonable diligence in attempting to serve B&B's registered agent before resorting to serving B&B via statutory overnight delivery, and that therefore service of process was insufficient. We disagree.

OCGA § 14-2-504 (a) provides that "[a] corporation's registered agent is the corporation's agent for service of process." However, "[s]ervice on a corporation . . . is not restricted to the registered agent." *Stone Exchange*, supra, 269 Ga. App. at 771. Under OCGA § 14-2-504 (b), "[i]f a corporation has no registered agent or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the secretary of the corporation at its principal office." Thus, OCGA § 14-2-504 (b) requires a plaintiff to use reasonable or due diligence in serving the registered agent of the corporation before resorting to service by registered mail, certified mail, or overnight delivery. See *Stone Exchange*, supra, 269 Ga. App. at 772.

---

[1] *Stone Exchange v. Surface Technology Corp. of Ga.*, 269 Ga. App. 770, 771 (605 SE2d 404) (2004).

In determining what constitutes reasonable diligence under OCGA § 14-2-504 (b), we find instructive cases involving service outside the statute of limitation period. In those types of cases, we have held as a general rule that if an action is filed within the period of limitation but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner. See *Lee v. Kim;*[2] *Jackson v. Nguyen;*[3] *Bennett v. Matt Gay Chevrolet Oldsmobile.*[4] We have concluded that reasonable and diligent service in such cases can be demonstrated by plaintiffs providing the sheriff's office with the proper address of the defendant on the date the complaint was timely filed. See *Lee,* supra, 275 Ga. App. at 893; *Jackson,* supra, 225 Ga. App. at 600; *Bennett,* supra, 200 Ga. App. at 350 (1).

Here, G&K has submitted evidence demonstrating that one day after it filed the complaint it provided the sheriff's office with what ultimately proved to be B&B's correct address. In addition, the evidence showed that a few weeks after filing the complaint, G&K contacted the sheriff's office to inquire whether service had been completed and learned that repeated service attempts were unsuccessful. Thus, since there was some evidence from which the trial court could conclude that G&K exercised reasonable diligence in attempting to serve B&B's registered agent before serving B&B via statutory overnight delivery, we find no abuse of discretion in the trial court's order denying B&B's motion to set aside the default judgment. See *Hope Elec. Enterprises v. Proforce Staffing.*[5]

B&B further contends that G&K's service upon it via statutory overnight delivery violated its right to due process, arguing that because the complaint was ultimately received by a mere employee (R. Harrison) rather than a corporate officer, B&B was not provided with adequate notice. This contention is without merit.

Unlike OCGA § 9-11-4 (e) (1), OCGA § 14-2-504 (b), which provides for service via overnight delivery, does not require that the complaint be received by the registered agent or any corporate officer. See *Munoz v. Pacific Ins. Co.*[6] Indeed, OCGA § 14-2-504 (b) (3) explicitly contemplates the possibility that service may be deemed perfected even if there is no evidence that the corporation ever received the complaint when it provides that service can be perfected

---

[2] *Lee v. Kim,* 275 Ga. App. 891, 892 (622 SE2d 99) (2005).

[3] *Jackson v. Nguyen,* 225 Ga. App. 599, 600 (484 SE2d 337) (1997).

[4] *Bennett v. Matt Gay Chevrolet Oldsmobile,* 200 Ga. App. 348, 350 (1) (408 SE2d 111) (1991).

[5] *Hope Elec. Enterprises v. Proforce Staffing,* 268 Ga. App. 302, 303 (1) (601 SE2d 723) (2004).

[6] *Munoz v. Pacific Ins. Co.,* 261 Ga. App. 246, 247 (582 SE2d 207) (2003).

"[f]ive days after its deposit in the mail, as evidenced by the postmark, if mailed postage prepaid and correctly addressed." Thus, G&K's service of the complaint via statutory overnight delivery, which was received by B&B employee R. Harrison, complied with OCGA § 14-2-504 (b) and did not violate B&B's right to due process. See id. Accordingly, the trial court did not abuse its discretion in refusing to set aside the default judgment.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED JANUARY 5, 2007 —
RECONSIDERATION DENIED JANUARY 25, 2007 —

*Donald B. Walker*, for appellant.
*Johnson & Hobgood, Thomas T. Hobgood, David A. Rutherford, Magill & Atkinson, Seth M. Diamond*, for appellee.