**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be physically received in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 13, 2025**

# In the Court of Appeals of Georgia

A25A0651. MOTE et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

PIPKIN, Judge.

Appellant Cynthia Mote ("Mote") and her husband, James Darren Mote (collectively "Appellants"), brought suit against Kyle James Jones asserting claims for personal injury and loss of consortium. Citing OCGA § 33-7-11, Appellants also named Mote's uninsured/underinsured motorist carrier, Appellee State Farm Mutual Automobile Insurance Company, as a party. State Farm moved to dismiss the complaint based on Appellants' failure to exercise due diligence in perfecting timely service, and the trial court granted the motion following a hearing. Appellants now appeal from that order, and, as more fully set forth below, we affirm.

Pertinent here, the traffic accident underlying Appellants' damages claims occurred on March 22, 2022, and Appellants filed suit on March 1, 2024, about three weeks before the two-year statute of limitation applicable to Mote's personal injury claim expired. See OCGA § 9-3-33. Appellants engaged a private process server to serve Jones, and service was perfected on Jones on March 3, 2024. Appellants mailed, via the United States Postal Service ("USPS"), the service packet for State Farm to the appropriate sheriff's department on March 1, 2024, and the sheriff's department received the packet on March 21, 2024, one day before the statute of limitation expired. State Farm was served by a deputy sheriff on March 28, 2024, and State Farm filed a motion to dismiss the complaint on April 4, 2024. Appellants' counsel received the return of service from the Sheriff's Department on May 1, 2024. Under these facts, the trial court concluded that Appellants were guilty of laches for failing to exercise due diligence in perfecting service in a timely manner and dismissed the complaint.

With rare exception, the rule in this State is that a complaint must be filed within the applicable statute of limitation; in an action for injuries, that means the complaint must be filed within two years. See OCGA § 9-3-33. In this case, the

accident occurred on March 22, 2022, and the complaint was filed on March 1, 2024, within the limitations period. "However, the mere filing of a complaint does not commence a suit; instead the plaintiff must file the complaint and effect proper timely service as required by law." (Citation and punctuation omitted.) *Beauparlant v. Aiken*, 362 Ga. App. 341, 342 (868 SE2d 482) (2022). "Under Georgia law, the general rule is that a plaintiff making a claim against a UM carrier must serve process upon the UM carrier within the same statute of limitation applicable to the uninsured motorist." (Citation and punctuation omitted.) *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 321 (3) (765 SE2d 413) (2014). Nevertheless, Georgia law permits a complaint to be served beyond the limitation period. As our appellate courts have explained, "if the timely filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and date of service, the service will relate back to the time of filing so as to avoid the limitation period." (Citation and punctuation omitted.) *Van Omen v. Lopresti*, 357 Ga. App. 9, 10 (2) (849 SE2d 758) (2020). In this regard, our Civil Practice Act contains what has been deemed a "safe harbor provision," which provides for the relation back of service if "the person making such service shall make

the service within five days from the time of receiving the summons and complaint[.]" OCGA § 9-11-4 (c). See also *Van Omen*, 357 Ga. App. at 10 (2). But, according to the statute, service is not automatically invalidated even when made outside the statute of limitation and outside the safe harbor provision. Id. Under these circumstances,

> the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service. The plaintiff has the burden of showing that due diligence was exercised. The determination of whether the plaintiff is guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.

(Footnote omitted.) *McFadden v. Brigham*, 358 Ga. App. 400, 402 (855 SE2d 409) (2021). See also *Morse v. Flint River Community Hosp.*, 215 Ga. App. 224, 224 (450 SE2d 253) (1994) ("[T]he trial court's exercise of discretion in determining diligence will not be reversed on appeal unless it has been actually abused and cannot be supported as a matter of law.").

Our law is also clear about how diligence must be shown. We have reiterated that "the burden rests on the plaintiff to ensure diligent service, [and] she must provide specific dates or details to show diligence and cannot rely on conclusory

4

statements." (Citation and punctuation omitted.) *UHS Peachford v. Brady*, 361 Ga. App. 290, 291 (864 SE2d 129) (2021). A trial court determines whether the plaintiff "was in any way guilty of laches" by "look[ing] at all the facts involved." *Devoe v. Callis*, 212 Ga. App. 618, 619 (1) (442 SE2d 765) (1994) overruled in part on other grounds by *Van Omen*, 357 Ga. App. at 9 n1.

In this case, the paralegal at the law firm representing Appellants who was responsible for mailing the service packet submitted an affidavit in response to the motion to dismiss averring that *"at the time"* she sent out the service package, she "had heard no reports or news of the post office delivery being delayed[.]" Further, she averred that she attempted to "contact" the sheriff's office regarding the status of service on March 21, 2024, the day before the statute of limitation ran, but that she was "not able to make contact and did not receive any follow up communication back from the Sheriff's office until [she] received the return of service in the mail on May 1, 2024."

Appellants argue that these facts do not support a finding of laches or lack of due diligence. Citing cases such as *Lee v. Kim*, 275 Ga. App. 891 (622 SE2d 99) (2005), *Jackson v. Nguyen*, 225 Ga. App. 599 (484 SE2d 337) (1997); *Deloach v. Hewes*,

5

211 Ga. App. 321 (439 SE2d 94) (1993), *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348 (408 SE2d 111) (1991);[1] and *Childs v. Catlin*, 134 Ga. App. 778 (216 SE2d 360) (1975), Appellants argue that the "mere passage of time is insufficient to support dismissal" and that the focus in determining due diligence should be on the time period following a failed service attempt or the running of the statute of limitation. Appellants also argue that they were reasonably entitled to rely on the USPS to deliver the service packet to the Sheriff's office and to rely on the Sheriff to perfect timely service, and that they did all they were required to do by mailing the packet to the Sheriff's Department with the correct service address. See *DeLoach*, 211 Ga. App. at 321-322; *Bennett*, 200 Ga. App. 350 n.2.

Appellants are correct that the mere passage of time is not dispositive on the question of due diligence. Just as service made long after the statute of limitation has expired does not necessarily show a lack of diligence, service that is made fairly close to the limitations period and just outside the five-day safe harbor period, as it was here, does not automatically demonstrate diligence. Rather, it depends on the circumstances of each case. *Parker v. Silviano*, 284 Ga. App. 278, 279 (643 SE2d 819)

[1] *Lee*, *Jackson*, and *Bennett* were all overruled in part on other grounds by *Giles,* 333 Ga. App. at 319 (2) n2.

(2007) ("Although service was obtained within a relatively short time after the statute expired, the time period alone does not establish diligence.").

That said, Appellants are incorrect that the period prior to the expiration of the limitation period is irrelevant to the question of diligence; for example, we have previously recognized that the failure to take the necessary steps prior to the running of the statute of limitation to enable timely service – such as providing a correct address – can support a finding of lack of diligence when service is delayed. *Strickland v. Home Depot*, 234 Ga. App. 545, 547 (507 SE2d 783) (1998) (Plaintiff "failed to exercise due diligence before she filed her complaint by failing to determine the correct county for service."); see also *Devoe*, 212 Ga. App. at 619 (1) ("The burden is on the plaintiff to ascertain a defendant's residence, and that obligation does not arise only upon expiration of the statute of limitation."); *Walker v. Hoover*, 191 Ga. App. 859, 861 (383 SE2d 208) (1989), overruled in part on other grounds by *Van Omen*, 357 Ga. App. at 14 n.2.

That brings us to Appellants' reliance argument, which is, in our view, the crux of this case – whether Appellants were entitled to reasonably rely on the USPS in delivering the service papers to the sheriff's office and then to rely on the sheriff to

effectuate service within five days of receipt of the service packet. Citing cases such as *Lee*, 275 Ga. App. at 893; *Jackson*, 225 Ga. App. at 600-601; *Deloach*, 211 Ga. App. at 321-322; *and Bennett*, 200 Ga. App. at 350 (1), Appellants argue that this Court's precedent supports their reliance argument. Namely, Appellants contend that we have held that once the service packet, with the correct service address, has been properly delivered to the sheriff's office, or properly delivered to the appropriate trial court clerk's office to issue summons and deliver the summons and complaint to the sheriff, the plaintiff did all they were required to do, unless and until they learned of some problem with service. However, our holdings in these cases are premised on the fact that our statutory law places certain duties on the clerk and the sheriff in regards to service and, whether stated explicitly or not, that is why a plaintiff is entitled to rely on them to carry out their duties. See OCGA § 9-11- 4 (c) ("the person making such service *shall* make the service within five days from the time of receiving the summons and complaint[.]")"OCGA § 9-11-4 (c)(emphasis supplied). In other words, it is the fulfillment of this *statutory duty* upon which a plaintiff is entitled to reasonably rely.

Here, however, the trial court, pointing to the fact that the Appellants merely mailed the service packet to the sheriff's department, concluded that Appellants were

guilty of laches because they took no steps to ensure that the sheriff received the service packet in a timely manner. Further, the trial court noted that although the Appellants' counsel – or the paralegal who mailed the packet - may not have been aware of delays in mail delivery at the time they mailed the packet, they became aware of such problems shortly after the packet was mailed.[2] Nevertheless, Appellants appear to argue that all they had to do was place the service packet in the mail with the proper service address for the sheriff to use in perfecting service was all they had to do in regards to the sheriff's receipt of the service packet. However, in contrast to the sheriff or the trial court clerk, the USPS has no specific statutory duty under Georgia law regarding delivery of the service packet. And not only does the USPS not have any specific statutory duty with regards to the service of a complaint, the postal employees who process and deliver the service packet may not be aware of the contents of the service packet, much less the time constraints at issue. Here, the Appellants – or their counsel – merely placed the service packet in the mail and then, as the trial court found, "sat on their hands" for 20 days until they made one unsuccessful attempt –

---

[2] Appellants' counsel stated in their brief in response to State Farm's motion to dismiss that "[s]ince the filing of the instant case and the mailing of the service packet, undersigned counsel has *both experienced and read about* a wide ranging issue concerning the USPS."

the day before the statute of limitation expired – to determine whether the sheriff's department had received the packet. The trial court also noted that, although the Appellants knew the statute of limitation had expired, they did not pursue alternate means to deliver the packet to the sheriff when they were unable to verify that the USPS had delivered the packet, did not make any follow-up inquiries to the sheriff during the six to seven weeks before they received the return of service, and did not take any other steps, such as checking with the clerk's office, to ascertain if service had been made.

In short, the trial court determined that Appellants' actions – both before and after the statute expired – demonstrated laches in failing to exercise due diligence in perfecting service, and we observe no abuse of discretion in that determination. Accordingly, the trial court's order dismissing Appellants' complaint is affirmed.

*Judgment affirmed. McFadden, P. J., and Hodges, J., concur.*